UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOSEPH STEVENS & COMPANY, INC., :
:
                Peitioner, :
:
   -against- :
:
DAVID CIKANEK, :
:
              Respondent. :
:
------------------------------------------------------X

Civil Action No.
07 CV 3385 (BSJ)

# DECLARATION OF MARTIN P. RUSSO
# IN SUPPORT OF APPLICATION TO VACATE

# EXHIBIT G

TRUST AGREEMENT
OF
DAVID MICHAEL CIKANEK

DAVID M. MENACHOF
DAVID M. MENACHOF
6723 W. CERMAK ROAD
BERWYN, Illinois  60402

TRUST AGREEMENT

Introductory Clause .................................................. 1

ARTICLE I

Trustee Succession if GRANTOR Dies or Becomes
    Incapacitated .................................................. 1

ARTICLE II

Description of Property Transferred ................................. 1

ARTICLE III

Rights of GRANTOR and Trustee in Insurance Policies ................. 1

ARTICLE IV

Provisions for GRANTOR During Lifetime .............................. 2

ARTICLE V

GRANTOR's Rights to Amend, Change or Revoke the Trust
    Agreement ...................................................... 3

ARTICLE VI

Discretionary Provisions for Trustee to Deal with
    GRANTOR's Estate and Make Payment of Debts and
    Taxes .......................................................... 3

ARTICLE VII

Trust Estate to GRANTOR's Brothers and Sisters ...................... 4

ARTICLE VIII

Trustee Succession, Trustee's Fees and Other Matters ................ 4
    (1)  Naming Individual Successor or Substitute Trustee .......... 4
    (2)  Final Succession If Individual Successor Trustee
         Cannot Act ................................................. 4
    (3)  Fee Schedule for Individual Trustee ........................ 4
    (4)  Fee Schedule for Corporate Trustee ......................... 4
    (5)  Change in Corporate Fiduciary .............................. 5
    (6)  Limitations on Trustees .................................... 5

ARTICLE IX

Definition of Trustee ............................................... 5

ARTICLE X

Powers for Trustee .............................................. 5

### ARTICLE XI

Trustee's Discretion in Making Payments to a Person
    Under Age Twenty-One, Incompetent, or
    Incapacitated Person ...................................... 10

### ARTICLE XII

Power of Trustee to Resign During GRANTOR's Lifetime .... 10

### ARTICLE XIII

GRANTOR During Lifetime to Designate Substitute or
    Successor Trustee ......................................... 10

### ARTICLE XIV

Definition of Words Relating to the Internal Revenue
    Code ...................................................... 11

### ARTICLE XV

Simultaneous Death Provision Presuming Beneficiary
    Predeceases GRANTOR ....................................... 12

### ARTICLE XVI

Payment of Funeral Expenses and Expenses of Last
    Illness of Income Beneficiary ............................. 12

### ARTICLE XVII

State Law to Govern ............................................. 12

### ARTICLE XVIII

Perpetuities Savings Clause ..................................... 12
Testimonium Clause .............................................. 13

## TRUST AGREEMENT

Introductory Clause. This Agreement made this 8th day of SEPTEMBER, 2002, between David Michael Cikanek, hereinafter referred to as the GRANTOR and David Michael Cikanek, hereinafter referred to as the Trustee.

### ARTICLE I

Trustee Succession if GRANTOR Dies or Becomes Incapacitated. If the GRANTOR dies or is adjudicated to be incompetent or in the event that the GRANTOR is not adjudicated incompetent, but by reason of illness or mental or physical disability is, in the opinion of two licensed physicians, unable to properly handle the GRANTOR's own affairs, then and in that event the Trustee named below shall immediately become the Trustee under this Trust Agreement. The GRANTOR names the follqwing as successor Trustee:

Christine J. Cikanek

Third parties may rely on an affidavit by the Trustee named above stating that the successor Trustee is now acting as Trustee hereunder.

### ARTICLE II

Description of Property Transferred. The GRANTOR has paid over, assigned, granted, conveyed, transferred and delivered, and by this Agreement does hereby pay over, assign, grant, convey, transfer and deliver unto the Trustee the property described in Schedule A, annexed hereto and made a part hereof, and has caused or will cause the Trustee to be designated as beneficiary of those life insurance policies described in Schedule B, annexed hereto and made a part hereof. These insurance policies, and any other insurance policies that may be delivered to the Trustee hereunder or under which the Trustee may be designated as beneficiary, the proceeds of all such policies being payable to the Trustee, and any other property that may be received or which has been received by the Trustee hereunder, as invested and reinvested (hereinafter referred to as the "Trust Estate"), shall be held, administered and distributed by the Trustee as hereinafter set forth.

### ARTICLE III

Rights of GRANTOR and Trustee in Insurance Policies. During the GRANTOR's lifetime, the GRANTOR shall have all rights under any life insurance policies payable to the Trustee, including the

Trust Agreement of David Michael Cikanek    Page 1

right to change the beneficiary, to receive any dividends or other earnings of such policies without accountability therefor to the Trustee or any beneficiary hereunder, and may assign any policies to any lender, including the Trustee, as security for any loan to the GRANTOR or any other person; and the Trustee shall have no responsibility with respect to any policies, for the payment of premiums or otherwise, except to hold any policies received by the Trustee in safekeeping and to deliver them upon the GRANTOR's written request and upon the payment to the Trustee of reasonable compensation for services. The rights of any assignee of any policy shall be superior to the rights of the Trustee. If any policy is surrendered or if the beneficiary of any policy is changed, this trust shall be revoked with respect to such policy. However, no revocation of the trust with respect to any policy, whether pursuant to the provisions of the preceding sentence or otherwise, shall be effective unless the surrender or change in beneficiary of the policy is accepted by the insurance company. Upon the death of the insured under any policy held by or known to, and payable to, the Trustee, or upon the occurrence of some event prior to the death of the GRANTOR that matures any such policy, the Trustee, in its discretion, either may collect the net proceeds and hold them as part of the principal of the Trust Estate, or may exercise any optional method of settlement available to it, and the Trustee shall deliver any policies on the GRANTOR's life held by it and payable to any other beneficiaries as those beneficiaries may direct. Payment to, and the receipt of, the Trustee shall be a full discharge of the liability of any insurance company, which need not take notice of this agreement or see to the application of any payment. The Trustee need not engage in litigation to enforce payment of any policy without indemnification satisfactory to it for any resulting expenses.

<p style="text-align:center">ARTICLE IV</p>

<u>Provisions for GRANTOR During Lifetime</u>. The Trustee shall hold, manage, invest and reinvest the Trust Estate (if any requires such management and investment) and shall collect the income, if any, therefrom and shall dispose of the net income and principal as follows:

(1) During the lifetime of the GRANTOR, the Trustee shall pay to or apply for the benefit of the GRANTOR all the net income from this Trust.

(2) During the lifetime of the GRANTOR, the Trustee may pay to or apply for the benefit of the GRANTOR such sums from the principal of this Trust as in its sole discretion shall be necessary or advisable from time to time for the health, education, support and maintenance of the GRANTOR, taking into consideration to the extent the Trustee deems advisable, any other income or resources of the GRANTOR known to the Trustee.

ARTICLE V

GRANTOR's Rights to Amend, Change or Revoke the Trust Agreement. The GRANTOR may, by signed instruments delivered to the Trustee during the GRANTOR's life: (1) withdraw property from this Trust in any amount and at any time upon giving reasonable notice in writing to the Trustee; (2) add other property to the Trust; (3) change the beneficiaries, their respective shares and the plan of distribution; (4) amend this Trust Agreement in any other respect; (5) revoke this Trust in its entirety or any provision therein; provided, however, the duties or responsibilities of the Trustee shall not be enlarged without the Trustee's consent nor without satisfactory adjustment of the Trustee's compensation.

ARTICLE VI

Discretionary Provisions for Trustee to Deal with GRANTOR's Estate and Make Payment of Debts and Taxes. After the GRANTOR's death, the Trustee, if in its discretion it deems it advisable, may pay all or any part of the GRANTOR's funeral expenses, legally enforceable claims against the GRANTOR or the GRANTOR's estate, reasonable expenses of administration of the GRANTOR's estate, any allowances by court order to those dependent upon the GRANTOR, any estate, inheritance, succession, death or similar taxes payable by reason of the GRANTOR's death, together with any interest thereon or other additions thereto, without reimbursement from the GRANTOR's executors or administrators, from any beneficiary of insurance upon the GRANTOR's life, or from any other person. All such payments, except of interest, shall be charged generally against the principal of the Trust Estate includable in the GRANTOR's estate for Federal estate tax purposes and any interest so paid shall be charged generally against the income thereof; provided, however, any such payments of estate, inheritance, succession, death or similar taxes shall be charged against the principal constituting the Trust Estate and any interest so paid shall be charged against the income thereof. The Trustee may make such payments directly or may pay over the amounts thereof to the executors or administrators of the GRANTOR's estate. Written statements by the executors or administrators of such sums due and payable by the estate shall be sufficient evidence of their amount and propriety for the protection of the Trustee and the Trustee shall be under no duty to see to the application of any such payments. The Trustee shall pay over to the executors or administrators of the GRANTOR's estate all obligations of the United States Government held hereunder which may be redeemed at par in payment of federal estate taxes.

## ARTICLE VII

Trust Estate to GRANTOR's Brothers and Sisters. Upon the death of the GRANTOR, the Trust Estate (which shall include any property which may be added from the GRANTOR's general estate) shall be paid over and distributed free of trust to such of the GRANTOR's brothers and sisters as shall survive the GRANTOR in equal shares, provided, however, the issue of a deceased brother or sister of the GRANTOR who shall survive the GRANTOR shall take per stirpes the share their parent would have taken had he or she survived the GRANTOR.

However, if Darlene Simmons and/or Rosemary Gratace (siblings of Grantor) shall survive the Grantor, then their respective shares of the Grantor's estate shall be administered respectively to them by the successor trustee in a fashion deemed appropriate by such successor trustee which shall meet their respective health, welfare and maintenance needs.

Upon the death of Darlene Simmons or Rosemary Gratace, their respective issue shall receive in equal shares any portion remaining (if any) of their respective shares of Grantor's estate.

If no issue of Darlene Simmons or Rosemary Gratace shall survive their death, then any remaining portion of their respective share of Grantor's estate shall be distributed in equal shares to any remaining brothers and sisters of Grantor.

## ARTICLE VIII

Trustee Succession, Trustee's Fees and Other Matters. The provisions for naming the Trustee, Trustee succession, Trustee's fees and other matters are set forth below:

(1) Naming Individual Successor or Substitute Trustee. If the individual Trustee should fail to qualify as Trustee hereunder, or for any reason should cease to act in such capacity, the successor or substitute Trustee who shall also serve without bond shall be Pamela C. DiChristofano.

(2) Final Succession If Individual Successor Trustee Cannot Act. If the GRANTOR's individual successor Trustee should fail to qualify as Trustee hereunder, or for any reason should cease to act in such capacity, then the successor or substitute Trustee who shall also serve without bond shall be Citizens Bank, Berwyn, Illinois.

(3) Fee Schedule for Individual Trustee. For its services as Trustee, the individual Trustee shall receive reasonable compensation for the services rendered and reimbursement for reasonable expenses.

(4) Fee Schedule for Corporate Trustee. For its services as Trustee, the corporate Trustee shall receive an amount

Trust Agreement of David Michael Cikanek    Page 4

determined by its Standard Fee Schedule in effect and applicable at the time of the performance of such services. If no such schedule shall be in effect at that time, it shall be entitled to reasonable compensation for the services rendered.

(5) <u>Change in Corporate Fiduciary</u>. Any corporate successor to the trust business of the corporate fiduciary designated herein or at any time acting hereunder shall succeed to the capacity of its predecessor without conveyance or transfer.

(6) <u>Limitations on Trustees</u>. No person who at any time is acting as Trustee hereunder shall have any power or obligation to participate in any discretionary authority which the GRANTOR has given to the Trustee to pay principal or income to such person, or for his or her benefit or in relief of his or her legal obligations.

## ARTICLE IX

<u>Definition of Trustee</u>. Whenever the word "Trustee" or any modifying or substituted pronoun therefor is used in this Trust, such words and respective pronouns shall include both the singular and the plural, the masculine, feminine and neuter gender thereof, and shall apply equally to the Trustee named herein and to any successor or substitute Trustee acting hereunder, and such successor or substitute Trustee shall have all the rights, powers and duties, authority and responsibility conferred upon the Trustee originally named herein.

## ARTICLE X

<u>Powers for Trustee</u>. The Trustee is authorized in its fiduciary discretion (which shall be subject to the standard of reasonableness and good faith to all beneficiaries) with respect to any property, real or personal, at any time held under any provision of this Trust Agreement and without authorization by any court and in addition to any other rights, powers, authority and privileges granted by any other provision of this Trust Agreement or by statute or general rules of law:

(1) To retain in the form received any property or undivided interests in property donated to, or otherwise acquired as a part of the Trust Estate, including residential property and shares of the Trustee's own stock, regardless of any lack of diversification, risk or nonproductivity, as long as it deems advisable, and to exchange any such security or property for other securities or properties and to retain such items received in exchange, although said property represents a large percentage of the total property of the Trust Estate or even the entirety thereof.

(2) To invest and reinvest all or any part of the Trust Estate in any property and undivided interests in property, wherever located, including bonds, debentures, notes, secured or unsecured, stocks of corporations regardless of class, interests in limited partnerships, real estate or any interest in real estate whether or not productive at the time of investment, interests in trusts, investment trusts, whether of the open and/or closed fund types, and participation in common, collective or pooled trust funds of the Trustee, insurance contracts on the life of any beneficiary or annuity contracts for any beneficiary, without being limited by any statute or rule of law concerning investments by fiduciaries.

(3) To sell or dispose of or grant options to purchase any property, real or personal, constituting a part of the Trust Estate, for cash or upon credit, to exchange any property of the Trust Estate for other property, at such times and upon such terms and conditions as it may deem best, and no person dealing with it shall be bound to see to the application of any monies paid.

(4) To hold any securities or other property in its own name as Trustee, in its own name, in the name of a nominee (with or without disclosure of any fiduciary relationship) or in bearer form.

(5) To keep, at any time and from time to time, all or any portion of the Trust Estate in cash and uninvested for such period or periods of time as it may deem advisable, without liability for any loss in income by reason thereof.

(6) To sell or exercise stock subscription or conversion rights.

(7) To refrain from voting or to vote shares of stock which are a part of the Trust Estate at shareholders' meetings in person or by special, limited, or general proxy and in general to exercise all the rights, powers and privileges of an owner in respect to any securities constituting a part of the Trust Estate.

(8) To participate in any plan of reorganization or consolidation or merger involving any company or companies whose stock or other securities shall be part of the Trust Estate, and to deposit such stock or other securities under any plan of reorganization or with any protective committee and to delegate to such committee discretionary power with relation thereto, to pay a proportionate part of the expenses of such committee and any assessments levied under any such plan, to accept and retain new securities received by the Trustee pursuant to any such plan, to exercise all conversion, subscription, voting and other rights, of whatsoever nature pertaining to such property, and to

pay any amount or amounts of money as it may deem advisable in connection therewith.

(9) To borrow money and to encumber, mortgage or pledge any asset of the Trust Estate for a term within or extending beyond the term of the trust, in connection with the exercise of any power vested in the Trustee.

(10) To enter for any purpose into a lease as lessor or lessee with or without option to purchase or renew for a term within or extending beyond the term of the trust.

(11) To subdivide, develop, or dedicate real property to public use or to make or obtain the vacation of plats and adjust boundaries, to adjust differences in valuation on exchange or partition by giving or receiving consideration, and to dedicate easements to public use without consideration.

(12) To make ordinary or extraordinary repairs or alterations in buildings or other structures, to demolish any improvements, to raze existing or erect new party walls or buildings.

(13) To continue and operate any business owned by the GRANTOR at the GRANTOR's death and to do any and all things deemed needful or appropriate by the Trustee, including the power to incorporate the business and to put additional capital into the business, for such time as it shall deem advisable, without liability for loss resulting from the continuance or operation of the business except for its own negligence; and to close out, liquidate or sell the business at such time and upon such terms as it shall deem best.

(14) To collect, receive, and receipt for rents, issues, profits, and income of the Trust Estate.

(15) To insure the assets of the Trust Estate against damage or loss and the Trustee against liability with respect to third persons.

(16) In buying and selling assets, in lending and borrowing money, and in all other transactions, irrespective of the occupancy by the same person of dual positions, to deal with itself in its separate, or any fiduciary capacity.

(17) To compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise deal with and settle claims in favor of or against the Trust Estate as the Trustee shall deem best.

(18) To employ and compensate agents, accountants, investment advisers, brokers, attorneys-in-fact, attorneys-at-law, tax specialists, realtors, and other assistants and advisors

deemed by the Trustee needful for the proper administration of the Trust Estate, and to do so without liability for any neglect, omission, misconduct, or default of any such agent or professional representative provided such person was selected and retained with reasonable care.

(19) To determine what shall be fairly and equitably charged or credited to income and what to principal.

(20) To hold and retain the principal of the Trust Estate undivided until actual division shall become necessary in order to make distributions; to hold, manage, invest, and account for the several shares or parts thereof by appropriate entries on the Trustee's books of account; and to allocate to each share or part of share its proportionate part of all receipts and expenses; provided, however, the carrying of several trusts as one shall not defer the vesting in title or in possession of any share or part of share thereof.

(21) To make payment in cash or in kind, or partly in cash and partly in kind upon any division or distribution of the Trust Estate (including the satisfaction of any pecuniary distribution) without regard to the income tax basis of any specific property allocated to any beneficiary and to value and appraise any asset and to distribute such asset in kind at its appraised value; and when dividing fractional interests in property among several beneficiaries to allocate entire interests in some property to one beneficiary and entire interests in other property to another beneficiary or beneficiaries.

(22) In general, to exercise all powers in the management of the Trust Estate which any individual could exercise in his or her own right, upon such terms and conditions as it may reasonably deem best, and to do all acts which it may deem reasonably necessary or proper to carry out the purposes of this Trust Agreement.

(23) To purchase property, real or personal, from the GRANTOR's general estate upon such terms and conditions as to price and terms of payment as the GRANTOR's executors or administrators and the Trustee shall agree, to hold the property so purchased as a part of the Trust Estate although it may not qualify as an authorized trust investment except for this provision, and to dispose of such property as and when the Trustee shall deem advisable. The fact that the GRANTOR's executors or administrators and the Trustee are the same shall in no way affect the validity of this provision.

(24) To lend funds to the GRANTOR's general estate upon such terms and conditions as to interest rates, maturities, and security as the GRANTOR's executors or administrators and the

Trustee shall agree, the fact that they may be the same in no way affecting the validity of this provision.

(25) To receive property bequeathed, devised or donated to the Trustee by the GRANTOR or any other person; to receive the proceeds of any insurance policy which names the Trustee as beneficiary; to execute all necessary receipts and releases to Executors, donors, insurance companies and other parties adding property to the Trust Estate.

(26) To combine assets of two or more trusts if the provisions and terms of each trust are substantially identical, and to administer them as a single trust, if the Trustee reasonably determines that the administration as a single trust is consistent with the GRANTOR's intent, and facilitates the trust's administration without defeating or impairing the interests of the beneficiaries.

(27) To divide any trust into separate shares or separate trusts or to create separate trusts if the Trustee reasonably deems it appropriate and the division or creation is consistent with the GRANTOR's intent, and facilitates the trust's administration without defeating or impairing the interests of the beneficiaries.

(28) To divide property in any trust being held hereunder with an inclusion ratio, as defined in section 2642(a)(1) of the Internal Revenue Code of 1986, as from time to time amended or under similar future legislation, of neither one nor zero into two separate trusts representing two fractional shares of the property being divided, one to have an inclusion ratio of one and the other to have an inclusion ratio of zero, to create trusts to receive property with an inclusion ratio of either one or zero and if this cannot be done to refuse to accept property which does not have a matching inclusion ratio to the receiving trust's ratio, all as the Trustee in its sole discretion deems best.

(29) If the Trustee shall act as the Executor of the GRANTOR's estate, to elect to allocate any portion or all the GRANTOR's generation-skipping transfer exemption provided for in Code section 2631 or under similar future legislation, in effect at the time of the GRANTOR's death, to any portion or all of any other trusts or bequests in the GRANTOR's Will or any other transfer which the GRANTOR is the transferror for purposes of the generation-skipping tax. Generally, the GRANTOR anticipates that the GRANTOR's Executor will elect to allocate this exemption first to direct skips as defined in Code section 2612, then in such other manner as the Trustee deems appropriate, unless it would be inadvisable based on all the circumstances at the time of making the allocation; and to make the special election under section 2652(a)(3) of the Code to the extent the GRANTOR's Executor deems in the best interest of the GRANTOR's estate.

Trust Agreement of David Michael Cikanek    Page 9

ARTICLE XI

Trustee's Discretion in Making Payments to a Person Under Age Twenty-One, Incompetent, or Incapacitated Person. In case the income or principal payment under any trust created hereunder or any share thereof shall become payable to a person under the age of Twenty-one (21), or to a person under legal disability, or to a person not adjudicated incompetent, but who, by reason of illness or mental or physical disability, is, in the opinion of the Trustee unable properly to administer such amounts, then such amounts shall be paid out by the Trustee in such of the following ways as the Trustee deems best: (1) directly to the beneficiary; (2) to the legally appointed guardian of the beneficiary; (3) to some relative or friend for the care, support and education of the beneficiary; (4) by the Trustee using such amounts directly for the beneficiary's care, support and education.

ARTICLE XII

Power of Trustee to Resign During GRANTOR's Lifetime. Any Trustee may resign this trusteeship during the GRANTOR's lifetime by giving the GRANTOR Thirty (30) days notice in writing delivered to the GRANTOR in person or mailed to the GRANTOR's last known address, the resignation to become effective as hereinafter provided. Upon receipt of such notice, the GRANTOR shall appoint a successor Trustee. Upon the failure of the GRANTOR to appoint a successor Trustee who accepts the trust within Thirty (30) days from the time notice was delivered in person or mailed to the GRANTOR, the Trustee may resign to the court having jurisdiction over this trust, which court may, if it deems advisable, accept the resignation and appoint a successor Trustee which shall be an individual as successor to an individual trustee or a bank or trust company qualified to do business in the state of the GRANTOR's domicile as successor to a corporate trustee. Upon the appointment of and acceptance by the successor Trustee, the original Trustee shall pay over, deliver, assign, transfer or convey to such successor Trustee the Trust Estate and make a full and proper accounting to the GRANTOR, whereupon its resignation shall become effective. The substitute or successor Trustee upon acceptance of this trust and the Trust Estate shall succeed to and have all the rights, powers and duties, authority and responsibility conferred upon the Trustee originally named herein.

ARTICLE XIII

GRANTOR During Lifetime to Designate Substitute or Successor Trustee. The GRANTOR during the GRANTOR's lifetime may name a substitute or successor Trustee by delivery to any Trustee herein a notice naming the successor or substitute Trustee and indicating an intent to replace the Trustee named. Upon receipt of such notice the Trustee named shall pay over, deliver, assign,

transfer or convey to such substitute or successor Trustee (which accepts the appointment as trustee), the Trust Estate and make a full and proper accounting to the GRANTOR, whereupon the Trustee named shall be discharged and have no further responsibility under this Trust Agreement. Upon the failure of the Trustee to make such conveyance the GRANTOR may apply to the court having jurisdiction of this trust and such court may compel the conveyance by the Trustee. The substitute or successor Trustee upon acceptance of this trust and the Trust Estate shall succeed to and possess all the rights, powers and duties, authority and responsibility conferred upon the Trustee originally named herein.

The term "per stirpes" as used herein has the identical meaning as the term "taking by representation" as defined in the Illinois Probate Code.

ARTICLE XIV

Definition of Words Relating to the Internal Revenue Code. As used herein, the words "gross estate," "adjusted gross estate," "taxable estate," "unified credit," "state death tax credit," "maximum marital deduction," "marital deduction," "pass," and any other word or words which from the context in which it or they are used refer to the Internal Revenue Code shall have the same meaning as such words have for the purposes of applying the Internal Revenue Code to the GRANTOR's estate. For purposes of this Trust Agreement, the GRANTOR's "available generation-skipping transfer exemption" means the generation-skipping transfer tax exemption provided in section 2631 of the Internal Revenue Code of 1986, as amended, in effect at the time of the GRANTOR's death reduced by the aggregate of (1) the amount, if any, of the GRANTOR's exemption allocated to lifetime transfers of the GRANTOR by the GRANTOR or by operation of law, and (2) the amount, if any, the GRANTOR has specifically allocated to other property of the GRANTOR's gross estate for federal estate tax purposes. For purposes of this Trust Agreement if at the time of the GRANTOR's death the GRANTOR has made gifts with an inclusion ratio of greater than zero for which the gift tax return due date has not expired (including extensions) and the GRANTOR has not yet filed a return, it shall be deemed that the GRANTOR's generation-skipping transfer exemption has been allocated to these transfers to the extent necessary (and possible) to exempt the transfer(s) from generation-skipping transfer tax. Reference to Sections of the Internal Revenue Code and to the Internal Revenue Code shall refer to the Internal Revenue Code amended to the date of the GRANTOR's death.

ARTICLE XV

Simultaneous Death Provision Presuming Beneficiary Predeceases GRANTOR. If any beneficiary and the GRANTOR should die under such circumstances as would make it doubtful whether the beneficiary or the GRANTOR died first, then it shall be conclusively presumed for the purposes of this Trust that the beneficiary predeceased the GRANTOR.

ARTICLE XVI

Payment of Funeral Expenses and Expenses of Last Illness of Income Beneficiary. On the death of any person entitled to income or support from any Trust hereunder, the Trustee is authorized to pay the funeral expenses and the expenses of the last illness of such person from the principal of the Trust from which such person was entitled to income or support.

ARTICLE XVII

State Law to Govern. This Trust Agreement and the trusts created hereby shall be construed, regulated and governed by and in accordance with the laws of the State of Illinois.

ARTICLE XVIII

Perpetuities Savings Clause. Notwithstanding anything herein to the contrary, the trusts created hereunder shall terminate not later than Twenty-one (21) years after the death of the last survivor of Benjamin W. Cikanek, Daniel J. Cikanek, George C. Cikanek, Rosemary C. Gratace, Carol C. Vickers, Darlene C. Simmons, Christine J. Cikanek and Pamela C. DiChristofano

living on the date of the GRANTOR's death, when the Trustee shall distribute each remaining trust hereunder to the beneficiary or beneficiaries of the current income thereof, and if there is more than one beneficiary, in the proportion in which they are beneficiaries or if no proportion is designated in equal shares to such beneficiaries.

<u>Testimonium Clause</u>. IN WITNESS WHEREOF, the GRANTOR and the Trustee have executed this Trust Agreement.

WITNESSES:

_____     X_____
                                       DAVID MICHAEL CIKANEK
_____                GRANTOR

                                   X_____
                                       DAVID MICHAEL CIKANEK
                                              TRUSTEE

STATE OF ILLINOIS                                    ACKNOWLEDGEMENTS

COUNTY OF COOK

    I, a Notary Public, within and for the State and County aforesaid, do hereby certify that the foregoing instrument of writing was this day produced to me in the above State and County by David Michael Cikanek, GRANTOR, party hereto and was executed and acknowledged by the GRANTOR to be the GRANTOR's free act and voluntary deed.

    WITNESS my signature this 8th day of SEPT, 19___.

    _____
    Signature of Notary Public

OFFICIAL SEAL
DAVID M MENACHOF
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 10/25/02

DAVID M. MENACHOF
Typed Name of Notary Public

Notary Public for:
Illinois

My Commission expires: 12/25/02

STATE OF ILLINOIS

ACKNOWLEDGEMENTS

COUNTY OF COOK

I, a Notary Public, within and for the State and County aforesaid do hereby certify that the foregoing instrument of writing was this day produced to me in the above State and County and was executed and acknowledged by David Michael Cikanek, Trustee, to be the free and voluntary act and deed of the Trustee.

WITNESS my signature this 5th day Jan, 19 2002.

Signature of Notary Public

OFFICIAL SEAL
DAVID M MENACHOF
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 10/25/02

DAVID M. MENACHOF
Typed Name of Notary Public

Notary Public for:
Illinois

My commission expires: 10/25/02

# ADDENDUM
## To The Trust Agreement of David Michael Cikanek

### Assets

SILVER CAPITAL GROUP      Ross Inserra (800) 327-4771 X2823
Individual Acct. 671-14845   Approx value 6/30/2000 $825,000
IRA Acct. 671-50142   Approx value 6/30/2000 $76,000

STEIN ROE SERVICES INC.   (800) 338-2550
Individual Acct. 0210016607
Individual Acct. 0098145960   Total approx value $50,000

KEMPER FUNDS   (800) 621-1048
Individual Acct. 03-916091525-6   Approx value $10,000

NUVEEN   (800) 257-8787
Individual Acct. 1973741   Approx value $50,000

PENSION PROGRAM:
United Food and Commercial Workers Benefits Fund   Acct. 13402
Public Service Center   (800) 545-4730
3 payouts over 3 years at approx. $18,000 each April, 2000, April, 2001 and April, 2002.

BANK ONE
Checking Acct. 6780004074294
Money Market Acct. 238800300010031   Approx $30,500

REAL ESTATE:
2826 W. Fargo, Chicago, Il 60645   Est value $250,000
1629 S. 61st Ave., Cicero, Il 60804   Est value $140,000