UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
JOSEPH STEVENS & COMPANY, INC.,   :
: Civil Action No.
Peitioner,   : 07 CV 3385 (BSJ)
:
-against-   :
:
DAVID CIKANEK,   :
:
Respondent.   :
:
------------------------------------------------------------X

**DECLARATION OF MARTIN P. RUSSO
IN SUPPORT OF APPLICATION TO VACATE**

**EXHIBIT M**



**BNY CLEARING SERVICES LLC**
A BANK OF NEW YORK COMPANY

### Request for Taxpayer Identification Number and Certification
### Substitute Form W-9
(Rev. January 2002)

Account Number _____   Current TIN on Account: **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**

Name: **DAVID M. CIKANEK**
(If joint account or you changed your name, see Specific Instructions on page 2.)

Business name, if different from above (See Specific Instructions on page 2)

Please check appropriate box:  [X] Individual/Sole proprietor  [ ] Corporation  [ ] Partnership  [ ] Other ▸ ............  [ ] Exempt from backup withholding

### Part I  Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor or disregarded entity, see the Part I instructions on page 2. For other entities, it is your employer identification number (EIN). If you do not have a number, see How to Get a TIN, on page 2.

NOTE: If the account is in more than one name, see the chart on Page 2 for guidelines on whose number to enter

Social Security Number: **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**   OR   Employer Identification Number: _____

### Part II  Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and
3. I am a U.S. person (including a U.S. resident alien).

Certification Instructions. -- You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. (See the instructions on page 2.)

Signature of U.S. person: _[signed]_ THE DAVID M. CIKANEK REVOCABLE LIVING TRUST DATED 9/8/2000  TRUSTEE   Date: **12/19/2002**

BNY Clearing Services LLC
111 East Kilbourn Avenue • Milwaukee, WI 53202 • (414) 225-4100
Member New York Stock Exchange and other principal exchanges



1132-2636
CIKANEK

**VII    CONFIDENTIAL INVESTOR QUESTIONNAIRE**

7.1    The Purchaser represents and warrants that he, she or it comes within one category marked below, and that for any category marked, he, she or it has truthfully set forth, where applicable, the factual basis or reason the Purchaser comes within that category. ALL INFORMATION IN RESPONSE TO THIS SECTION WILL BE KEPT STRICTLY CONFIDENTIAL. The undersigned agrees to furnish any additional information which the Company deems necessary in order to verify the answers set forth below.

Category A ✓    The undersigned is an individual (not a partnership, corporation, etc.) whose individual net worth, or joint net worth with his or her spouse, presently exceeds $1,000,000.

Category B ✓    The undersigned is an individual (not a partnership, corporation, etc.) who had an income in excess of $200,000 in each of the two most recent years, or joint income with his or her spouse in excess of $300,000 in each of those years and has a reasonable expectation of reaching the same income level in the current year.

Category C ___    The undersigned is a director or executive officer of the Company which is issuing and selling the Common Shares.

Category D ___    The undersigned is a bank; a savings and loan association; insurance company; broker or dealer registered pursuant to Section 15 of the Securities Exchange Act of 1934, registered investment company; registered business development company; licensed small business investment company ("SBIC"); or employee benefit plan within the meaning of Title 1 of ERISA and (a) the investment decision is made by a plan fiduciary which is either a bank, savings and loan association, insurance company or registered investment advisor, or (b) the plan has total assets in excess of $5,000,000 or (c) is a self directed plan with investment decisions made solely by persons that are accredited investors. (describe entity)

_____

Category E    The undersigned is a private business development company as defined in section 202(a)(22) of the Investment Advisors Act of 1940. (describe entity)

_____

23

Category F _____   The undersigned is either a corporation, partnership, Massachusetts business trust, or non-profit organization within the meaning of Section 501(c)(3) of the Internal Revenue Code, in each case not formed for the specific purpose of acquiring the Common Shares and with total assets in excess of $5,000,000 (describe entity)

_____

Category G _____   The undersigned is a trust with total assets in excess of $5,000,000, not formed for the specific purpose of acquiring the Common Shares, where the purchase is directed by a "sophisticated investor" as defined in Regulation 506(b)(2)(ii) under the Act.

Category H ✓   The undersigned is an entity (~~other than a trust~~) DMC in which all of the equity owners are "accredited investors" within one or more of the above categories. If relying upon this Category alone, each equity owner must complete a separate copy of this Agreement. (describe entity)
THE DAVID M. CIKANEK REVOCABLE LIVING TRUST
DATED 9/8/2000  [signature] David Cikanek (Trustee)

Category I _____   The undersigned is not within any of the categories above and is therefore not an accredited investor.

The undersigned agrees that the undersigned will notify the Company at any time on or prior to the Closing Date in the event that the representations and warranties in this Agreement shall cease to be true, accurate and complete.

7.2   SUITABILITY (please answer each question)

(a) For an individual Purchaser, please describe your current employment, including the company by which you are employed and its principal business:
RETIRED — UNITED FOOD & COMMERCIAL WORKERS
1300 HIGGINS ROAD PARK RIDGE IL
BUILDING MAINTENANCE MANAGER    60068

(b) For an individual Purchaser, please describe any college or graduate degrees held by you.
2 YR ASSOCIATE DEGREE (JR COLLEGE)

(c) For all Purchasers, please list types of prior investments:

24

STOCKS, BONDS & MUTUAL FUNDS
_____

(d) For all Purchasers, please state whether you have you participated in other private placements before:

YES ✓          NO _____

(e) If your answer to question (d) above was "YES", please indicate frequency of such prior participation in private placements of:

|  | Public Companies | Private Companies | Public or Private Biotechnology Companies |
|---|---|---|---|
| Frequently |  |  |  |
| Occasionally | ✓ |  |  |
| Never |  | ✓ |  |

(f) For individual Purchasers, do you expect your current level of income to significantly decrease in the foreseeable future:

YES _____      NO ✓

(g) For trust, corporate, partnership and other institutional Purchasers, do you expect your total assets to significantly decrease in the foreseeable future:

N/A   YES _____      NO ✓

(h) For all Purchasers, do you have any other investments or contingent liabilities which you reasonably anticipate could cause you to need sudden cash requirements in excess of cash readily available to you:

YES _____      NO ✓

(i) For all Purchasers, are you familiar with the risk aspects and the non-liquidity of investments such as the securities for which you seek to subscribe?

YES ✓          NO _____

(j) For all Purchasers, do you understand that there is no guarantee of financial return on this investment and that you run the risk of losing your entire investment?

YES ✓          NO _____

25

7.3    MANNER IN WHICH TITLE IS TO BE HELD. (circle one)

    (A)    Individual Ownership
    (b)    Community Property
    (c)    Joint Tenant with Right of Survivorship (both parties must sign)
    (d)    Partnership*
    (e)    Tenants in Common
    (f)    Company*
    (g)    Trust*
    (h)    Other

*If Common Shares are being subscribed for by an entity, the attached Certificate of Signatory must also be completed.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

7.4    NASD AFFILIATION.

Are you affiliated or associated with an NASD member firm (please check one):

Yes _____    No ✓

If Yes, please describe:

_____
_____
_____

*If Purchaser is a Registered Representative with an NASD member firm, have the following acknowledgment signed by the appropriate party:

The undersigned NASD member firm acknowledges receipt of the notice required by Article 3 Sections 28(a) and (b) of the Rules of Fair Practice.

_____
Name of NASD Member Firm

By: _____
    Authorized Officer

Date: _____

7.5    The undersigned is informed of the significance to the Company of the foregoing representations and answers contained in the Confidential Investor Questionnaire contained in this Article VII and such answers have been provided under the assumption that the Company will rely on them.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

NUMBER OF COMMON SHARES 5,625 x $ 1.60 = 25,000.00 (the "Purchase Price") NUMBER OF WARRANTS = 10% OF COMMON SHARES 450 2.40

_____  _____
Signature                         Signature (if purchasing jointly)

DAVID M. CIKANEK
_____  _____
Name Typed or Printed             Name Typed or Printed

THE DAVID M. CIKANEK REVOCABLE LIVING TRUST DATED 9/8/02
_____  _____
Entity Name                       Entity Name

6144 W GRAND AVE
_____  _____
Address                           Address

CHICAGO, ILLINOIS 60639
_____  _____
City, State and Zip Code          City, State and Zip Code

773-637-7923
_____  _____
Telephone-Business RESIDENCE      Telephone-Business

N/A
_____  _____
Telephone-Residence BUSINESS      Telephone-Residence

N/A
_____  _____
Facsimile-Business                Facsimile-Business

N/A
_____  _____
Facsimile-Residence               Facsimile-Residence

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
_____  _____
Tax ID # or Social Security #     Tax ID # or Social Security #

Name in which securities should be issued: THE DAVID M. CIKANEK LIVING TRUST D/T/D 9/8/02

Dated: 12/19, 2002

This Common Stock and Warrant Purchase Agreement is agreed to and accepted as of _____, 2002.

MANHATTAN PHARMACEUTICALS, INC.

By: _____
Name: _____
Title: _____

## CERTIFICATE OF SIGNATORY

(To be completed if Common Shares are
being subscribed for by an entity)

I, DAVID M. CIKANEK, am the TRUSTEE of THE DAVID M. CIKANEK REVOCABLE LIVING TRUST DATED 9/8/2000 (the "Entity").
I certify that I am empowered and duly authorized by the Entity to execute and carry out the terms of the Stock Purchase Agreement and to purchase and hold the Common Shares, and certify further that the Stock Purchase Agreement has been duly and validly executed on behalf of the Entity and constitutes a legal and binding obligation of the Entity.

IN WITNESS WHEREOF, I have set my hand this 19TH day of DECEMBER, 2002.

_____
(Signature)   TRUSTEE

MANHATTAN PHARMACEUTICALS, INC.

SUPPLEMENT AND AMENDMENT NO. 1
TO THE
CONFIDENTIAL PRIVATE PLACEMENT MEMORANDUM

July 22, 2002

ACKNOWLEDGEMENT

THE SUBSCRIBER ACKNOWLEDGES THAT THE SUBSCRIBER HAS RECEIVED AND READ THE OFFERING MEMORANDUM AND THIS SUPPLEMENT. THE SUBSCRIBER FURTHER ACKNOWLEDGES THE SUBSCRIBER HAS RELIED ONLY ON THE OFFERING MEMORANDUM AND THIS SUPPLEMENT IN DECIDING TO INVEST IN THE COMPANY AND NOT ON ANY ORAL OR WRITTEN INFORMATION PROVIDED BY ANY PERSON, WHICH DOES NOT CONFORM TO THE REPRESENTATIONS MADE IN THE OFFERING MEMORANDUM OR THIS SUPPLEMENT.

Dated: 12/19, 2002

_[Signature]_
(Signature)

THE DAVID M. CIKANEK REVOCABLE TRUST
DATED 9/8/2000
(Print Name)

Dated: _____, 2002

_____
(Signature)

_____
(Print Name)

Agreed and Accepted:

By: DAVID M. CIKANEK
Name: THE DAVID M. CIKANEK REVOCABLE LIVING TRUST
Title: TRUST ACCOUNT            DATED 9/8/2000
Address: 6141 W. GRAND AVE.
CHICAGO, ILLINOIS 60639

Date: 12/19/02

The Company will not pay Paramount Capital, Inc. any commission with respect to any Joseph Stevens Investor.

<u>REPAYMENT OF LOAN BY PRINCIPAL STOCKHOLDER</u>

On October 29, 2002, Dr. Lindsay A. Rosenwald, a principal stockholder of the Company, loaned the Company $15,000.00, for general corporate purposes. On November 14, 2002, Dr. Rosenwald loaned the Company $20,000 and on November 19, 2002, Dr. Rosenwald loaned the Company $56,000. Dr. Rosenwald also loaned the Company $20,000 on December 12, 2002. The loans will be repaid out of the proceeds of the Offering.

Supplement No. 3
Agreed and Accepted:

By: [signature]
Name: DAVID M. CIKANEK
Title: THE DAVID M. CIKANEK REVOCABLE LIVING TRUST
Address: 2141 W GRAND AV    DATED 9/7/2000 [signature] (TRUSTEE)
CHICAGO, ILLINOIS 60039

Date: 12/26/2002

2.   **APPROVAL OF THE MERGER WITH ATLANTIC TECHNOLOGY VENTURES, INC.**

On January 15, 2003, the Company conducted a Stockholder Meeting at which the Stockholders of Manhattan entitled to vote on such matters approved the Agreement and Plan of Merger dated as of December 17, 2002 among the Company, Manhattan Pharmaceuticals Acquisition Corporation, Inc. ("MPAC"), a Delaware corporation and wholly owned subsidiary Atlantic Technology Ventures, Inc. as described in Supplement and Amendment No. 3. The stockholders also authorized the Company, in connection with the Merger, to change its name to "Manhattan Research Development Corp." Atlantic has circulated a Definitive Proxy Statement to its stockholders and will conduct a Stockholder Meeting on February 21, 2003 to seek stockholder approval of the Merger. While there can be no assurance that the stockholders of Atlantic will approve the Merger, if the Merger is approved then Atlantic will issue to the stockholders of Manhattan a number of shares of common stock representing 80% of the outstanding shares of Atlantic. A copy of the Definitive Proxy Statement is included herewith for your convenience.

3.   **EXTENSION OF THE OFFERING PERIOD**

Manhattan has determined to extend the Termination Date of the Offering to February 20, 2003.

Supplement No. 4
Agreed and Accepted:       *Cikanek*

By: DAVID M CIKANEK REVOCABLE LIVING TRUST DATED 9/8
Name: David M Cikanek TRUSTEE
Title: THE DAVID M CIKANEK REVOCABLE LIVING TRUST
Address: 6141 W GRAND AVE          DATED 9/8/2000
CHICAGO, ILLINOIS 60639

Date: 2/10/03