UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                :

JOSEPH STEVENS & COMPANY, INC.,  :

                                       :      Civil Action No.
                 Peitioner,   :      07 CV 3385 (BSJ)
                                       :

  -against-                              :

DAVID CIKANEK,                   :

                 Respondent.  :
                                       :
------------------------------------------------------X

**DECLARATION OF MARTIN P. RUSSO
IN SUPPORT OF APPLICATION TO VACATE**

**EXHIBIT N**

Tape 16
3/22/07 5:29PM
06-1868

With respect to the Cikanek Living Trust, this is specific to trading level related, the evidence should not be accepted. It should be disregarded or at least should be considered as not being relevant to Mr. Cikanek's claim here. Now, the relationship in this arbitration is contractual and there was no submission agreement from the Cikanek Living Trust. They have no claim here. There is no evidence of any assignment of the Cikanek Living Trust claim to Mr. Cikanek and they had the opportunity to present that but they didn't. There is evidence of the following in the record. We have the trust document in the record which shows that the trust exists. We have the statements in the record which show that the account was held in the name of the trust. We had the expert for the other side testified that the trust is a separate legal entity. We had the trust document which identifies that the beneficiary is third parties, not Mr. Cikanek. We have the trust document that says the trustee must bring the action on behalf of the trust. We have no evidence in this case presented by Mr. Cikanek that he is in fact bringing this claim on behalf of the trust and again no evidence of an assignment. What we do have is we have evidence of losses to a trust which we believe Joseph Stevens is not responsible for. The losses nevertheless were suffered by the trust and not by David Cikanek individually the claimants in this case. And so it's a matter of law Mr. Cikanek cannot recover for those trust losses. As a matter of fact, he has not proven that he personally suffered any injury when that trust entity lost money. That does not deprive David Cikanek of seeking losses for activity. There's a David Cikanek account at LCP. There's an IRA account at LCP. There's an IRA account here. With respect to the losses claimed in the David Cikanek Living Trust at Joseph Stevens, the claim is just over $200,000 and we worked through that with the expert this morning. It's 15 in the IRA

10528850.2

- 2 -

and 200 for the Living Trust. The margin debit paid by Joseph Stevens should reduce debt by $41,000; that was out-of-pocket that Joseph Stevens went for Mr. Cikanek. That brings it down to about $160,000. So if you look at that number, $160,000, based on Ms. Chudnoff's testimony that the gross credit in Exhibit 22 included both firm profit and markup. You should reduce the commissions column in the calculation by about $25,000. Mr. Shaff, by including gross credit instead of markup/markdown, inflated the amount of the losses by about $25,000. When you reduce that your at approximately $135,000 and the losses in Global Net in the first 30 days were in the range of $100-$115,000 when all is said and done on investments that Joseph Stevens the loss in the Cikanek Living Trust account are approximately $35,000. That being said our position is that the losses with respect to the trust belong to the trust that Mr. Cikanek cannot recover them . . .no entitlement to them and so if he needs to bring that action he can bring that action on behalf of the trust but should not be allowed to recover here. Thank you for your time and consideration.