IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

JOSEPH STEVENS & COMPANY, INC.

        Petitioner,

   vs.                                          Case No. 07 CV 3385

DAVID CIKANEK                             HON. BARBARA JONES
        Respondent

-------------------------------------------------------------- X


# MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT DAVID CIKANEK'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IN THE ALTERNATIVE FOR TRANSFER PURSUANT TO 28 U.S.C. §1404


Leslie A. Blau, Esq.  
BLAU & BONAVICH  
140 South Dearborn, Suite 1610  
Chicago, IL 60603-5202  
(312) 443-1600  fax-1665

Renan Sugarman, Esq.  
(pending admission *pro hac vice*)  
30 North LaSalle, Suite 1530  
Chicago, IL 60602  
(312) 578-9411  fax-9431


Of counsel
    David G. Duggan
    Paul D. Malmfeldt
    Ari R. Madoff


Dated:  June 14, 2007

Respondent David Cikanek ("Cikanek") respectfully submits this Memorandum of Law in support of his motion, pursuant to Fed. R. Civ. P. 12(b)(2), to dismiss this matter for lack of personal jurisdiction, and in the alternative to transfer to the United States District Court for the Northern District of Illinois pursuant to *28 U.S.C. §1404*.

## BACKGROUND

Cikanek is a retired janitor who lives in Illinois. (Declaration of David Cikanek ("Cikanek Decl.") ¶1.)  He has never been physically present in New York and owns no property in New York. (*Id.,* ¶¶ 3-4.)[1]  He filed arbitration against Petitioner (and others) before the National Association of Securities Dealers ("NASD").  On March 30, 2007, following hearings in Chicago, the arbitration panel issued a written award in his favor which included punitive damages.  (Petitioner's Application to Vacate Award ("Petitioner's App."), Exhibit 1).

Unsatisfied with the outcome and evidently the state in which it was rendered, Joseph Stevens & Company, Inc. brought this action to vacate the award.  Cikanek now moves pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss for lack of personal jurisdiction and in the alternative to transfer venue to Northern District of Illinois pursuant to *28 U.S.C. §1404*.

---

[1]  The declarations filed on this motion to dismiss do not convert it into a summary judgment motion.  Unlike Rule 12(b)(6) motions, which do require conversion into a motion for summary judgment when accompanied by affidavits or by extrinsic materials, it is well-settled that in considering jurisdictional motions, the Court may consider evidence outside of the pleadings in reaching its decision without necessitating the use of Rule 56.  *Pilates, Inc., v. Pilates Institute, Inc*., 891 F.Supp. 175, 178 at n. 2 (S.D.N.Y. 1995); *In re Magnetic Audiotape Antitrust Litigation*, 171 F.Supp.2d 179, 183 at n.1. (S.D.N.Y. 2001), *vacated on other grounds sub nom. Texas Intern. Magnetics, Inc. v. BASF Aktiengellschaft*, 31 Fed.Appx. 738 (2nd Cir. 2002).

# ARGUMENT

## I. THE COURT LACKS PERSONAL JURISDICTION OVER CIKANEK

Cikanek's declaration accompanies this memorandum and shows that he had jurisdictionally insignificant contacts with New York State. Once the issue of jurisdiction is raised, Petitioner bears the burden of demonstrating that jurisdiction exists. *Metro Life Ins. Co. v. Roberston-Ceco Corp.,* 84 F.3d 560, 567 (2nd Cir. 1996) *cert. denied*, 519 U.S. 1006 (1996). In its Application, Petitioner alleges no basis for this Court to exercise of personal jurisdiction over Cikanek.

Petitioner acknowledges that Cikanek is not a resident of New York. (Petitioner's App. ¶2). Cikanek does not own, use or possess any property in the state of New York. (Cikanek Decl. ¶5.) Finally, Petitioner makes no claim that Cikanek consented to personal jurisdiction in New York.[2]

Petitioner cannot establish personal jurisdiction in New York over Cikanek based on residence, consent, or location of property. In this case, Petitioner claims that this Court has jurisdiction over this matter under the diversity jurisdiction statute, *28 U.S.C. §1332,* and under the Federal Arbitration Act, *9 U.S.C. §10* (Petitioner's App. ¶3). In diversity cases this Court looks to New York law to determine if it has jurisdiction over Cikanek. *PDK Labs, Inc. v.*

---

[2] Petitioner alleges that Cikanek signed a new account agreement (Petitioner's App. ¶ 4-5), but does not allege that the form contained any consent to personal jurisdiction provisions. Rather, Petitioner claims that the new account agreement contained provisions pertaining to jurisdiction over judgment. (*Id.* ¶ 7). Petitioner never produced any new account agreement signed by Cicanek to Cikanek's counsel, or submitted it into evidence at the arbitration (Decl. of Sugarman [Cikanek's counsel], ¶¶ 3-4). In any event, the issue is moot since Petitioner admits that its form merely contained a clause stating that "judgment may be entered in any court, state or federal, **having jurisdiction upon an award** …." (Pettitioner's App. ¶ 7.

*Friedlander,* 103 F.3d 1105, 1108 (2nd Cir. 1997). For the Court to have jurisdiction, this Court must determine if there is proper personal jurisdictional basis over Cikanek based on New York law and whether the exercise of jurisdiction would comport with the requirements of due process. *Metro. Life Ins. Co., v. Roberston-Ceco Corp.,* 84 F.3d 560, 566, 567-568 (2nd Cir.). [3]

### B.  Respondent Does not Have Contacts with New York Sufficient to Satisfy the Requirements of CPLR 302(a)(1), New York's Long-arm Statute

Petitioner may wish that that any customer of a New York broker-dealer can be haled into New York courts, but that is not the law. New York's long-arm statute, codified in CPLR 302(a)(1), permits jurisdiction over a non-resident when the cause of action arises from transacting business within the state.[4] Cikanek did not maintain the minimal requisite contacts with New York to be "transacting business" for the purposes of satisfying *CPLR §302(a)(1)*. Petitioner solicited Cikanek's business and all transactions in his account. (Cikanek Decl. ¶7, ¶8.) Petitioner's telephone solicitations and its mailings, made to Cikanek by its representatives

---

[3]  The Federal Arbitration Act, of which *9 U.S.C. §10* is a part, does not provide any independent basis for federal jurisdiction. Petitioner admits as much, since *28 U.S.C. §1331* is not cited as a basis for jurisdiction. But in any event, the law is the same: when a cause of action is based on a question of federal law, the issue of personal jurisdiction must be determined according to the law of the forum state. *Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 108 S. Ct. 404 (1987); *Hubbell Inc. v. Pass & Seymour,* Inc. 883 F. Supp. 955 (S.D.N.Y. 1995); *Whitaker v. American Telecasting, Inc.*, 261 F. 3d 196, 208 (2d Cir. 2001).

[4]  The other subdivisions of CPLR 302(a) clearly do not apply here. CPLR 302(a)(2) provides for jurisdiction in the case of a commission of a tortious act within New York State; CPLR 302(a)(3) provides for jurisdiction in the case of a commission of a tortious act without the state under certain circumstances; and CPLR 302(a)(4) provides for jurisdiction with respect to a person who owns, uses or possesses any real property situated within the state. Section 302(a)(2) and (3) do not apply as this is a suit to vacate an arbitration award and there is no allegation of any tortious act. (Cikanek Decl. ¶6.) Section 302(a)(4) does not apply as Cikanek does not own any real property in New York. (Cikanek Decl. ¶5.) Thus, the only possible basis for personal jurisdiction over Cikanek under the New York long-arm statute would be *CPLR §302(a)(1)*.

while Cikanek was outside New York, are not significant enough to warrant personal jurisdiction based on *CPLR §302(a)(1)*. New York courts have consistently refused to apply §302(a)(1) jurisdiction based solely on telephone or electronic communication from New York State to another locale. *Beacon Enterprises, Inc. v. Menzies,* 715 F.2d 757, 766 *(2d Cir. 1983)*; accord, *Glassman v. Hyder*, 23 N.Y.2d 354, 244 N.E.2d 259, 296 N.Y.S.2d 783 (1968) (interstate letters and telephone calls did not establish personal jurisdiction under *§302(a)(1))*. Petitioner cannot bootstrap its solicitation and mailings as the basis for jurisdiction.

In the specific case of broker-dealers, courts have held that telephone communications regarding stock purchases between an out-of-state customer and New York based account executives do not constitute "sufficient contact with New York to confer personal jurisdiction over a non-resident under *CPLR 302(a)(1)*." *L.F. Rothschild, Unterberg, Towbin v. McTamney,* 59 N.Y.2d 651, 463 N.Y.S.2d 197, 449 N.E.2d 1275, *aff'd,* 89 A.D2d 540, 452 N.Y.S.2d 630 (1st Dep't. 1982). *See also Kimco Exhange Place Corp. v. Thomas Benz Inc., et al.,* 34 A.D. 3d 433, 434, 824 N.Y.S.2d 353 (2nd Dep't. 2006) ("Defendants' acts of faxing executed contracts to New York and making a few telephone calls do not qualify as purposeful acts constituting the transacting of business"); *Milliken v. Holst*, 205 A.D.2d 508, 509-510 (1994); *J.E.T. Adv. Assoc. v. Lawn King*, 84 A.D.2d 744, 745 (1981); *Forgash v. Paley,* 659 F. Supp. 728, 730 (S.D.N.Y. 1995) (not "transacting business" under *§302(a)(1)* where only contact was by telephone call initiated by claimant).

Joseph Stevens & Company contacted Cikanek, not the other way around. (Cikanek Decl.¶8-9). Cikanek has never physically entered New York. (Cikanek Decl. ¶3) Petitioner initiated all correspondence to him; any mail back from Cikanek was at Petitioner's behest.

(Cikanek Decl. ¶10). Cikanek had no contacts with New York sufficient to subject himself to this Court's long-arm jurisdiction.[5]

      **C.    Cikanek Was Not a Sophisticated or Institutional Investor and Therefore His Limited Contacts Do Not Vest this Court with Jurisdiction Under CPLR 302(a)(1)**

In an era of e-mails, faxes and inexpensive long distance calls, New York courts have required something else besides telephone calls and a few transactions to subject an out-of-state customer to jurisdiction in New York. That "something else" is institutional power or market sophistication. In *Deutsch Bank Securities, Inc. v. Montana Board of Investments*, the Court of Appeals noted that:

> *"..the growth of national markets for commercial trade, as well as technological advances in communication, enable a party to transact enormous volumes of business within a state without physically entering it…We held that 'so long as a party avails himself of the benefits of the forum, has minimum contacts with it, and should reasonably expect to defend its actions there, due process is not offended if that party is subjected to jurisdiction even if not present in that state.'"*
>     *Deutsch Bank Securities, Inc. v. Montana Board of Investment,* 7 N.Y.S. 3d 65, 71, 818 N.Y.S.2d 164, 167, 850 N.E.2d 1140, 1142-43 *citing Kruetter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195, 522 N.E.2d 40 (1988).

The facts in this case are worlds away from those in *Deutsch Bank*. In *Deutsch Bank*, personal jurisdiction existed over a non-domiciliary corporation based on telephonic and e-mail communications. However, the defendant in *Deutsch Bank* was a "sophisticated institutional trader that entered New York to transact business…by knowingly initiating and pursuing a negotiation…that culminated in the sale of $15 million in bonds." *Id.* 7 N.Y.3d at 71-72, 818

---

[5]    Petitioner does not plead a New York choice of forum or consent to jurisdiction clause in its broker-dealer agreement, and does not append any to its complaint. That alone distinguishes this case from *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2nd Cir. 2006). In addition, the investors in *D.H.* Blair engaged in forum shopping, contending first that they were New Jersey residents, and then "in a collective change of mind" that they were "Florida residents." *Id.* at 100-101. The individual investors were so sophisticated as to have their own trading company, Suan Investments, and they also executed "numerous stock trades" in their "active account." *Id.* at 105.

N.Y.S.2d at 167, 850 N.E.2d at 1143. Indeed, the Court of Appeals cautioned that *Deutsch Bank* was distinct from a case like *Rothschild*, where the Court did not exercise *§302(a)(1)* jurisdiction over an individual investor based on phone calls to a New York stockbroker:

> [Defendant] should reasonably have expected to defend its actions in New York. As **distinct from an out-of-state individual investor** making a telephone call to a stockbroker in New York (see L.F. Rothschild, Unterberg, Towbin v. Mctamney, 59 N.Y.2d 651, 463, N.Y.S.2d 197, 443 N.E.2d 1275[1983]), [Defendant] is a sophisticated institutional trader that entered New York to transact business here by knowingly initiating and pursuing a negotiation with a DBSI [Claimant] employee in New York that culminated in the sale of $15 million in bonds. Negotiating substantial transactions such as this one was a major aspect of MBOI's mission…and thus has sufficient contacts with New York to authorize our courts to exercise jurisdiction over its person…In short, when the requirements of due process are met…**a sophisticated institutional trader knowingly entering our state**- whether electronically or otherwise- **to negotiate and conclude a substantial transaction** is within the embrace of the New York long-arm statute.    7 N.Y.3d at 71-72, 818 N.Y.S.2d at 167, 850 N.E.2d at 1143 (emphasis added).

Cikanek is a 66-year-old retired janitor who lacked investment expertise, never negotiated any contracts, and never initiated any trades. (Cikanek Decl. ¶1, 6 & 8.) Thus, Petitioner's telephone and mail communications with Cikanek do not subject him to personal jurisdiction under *CPLR §302(a)(1)*. Arguing otherwise would offend traditional notions of fair play and substantial justice, precisely for the reasons set out by the Court of Appeals above. *See also International Shoe v. Washington*, 326 U.S. 310, 166 S. Ct. 154 (1945); *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868 (1984); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174 (1985).

II. **EVEN IF THIS COURT DETERMINES THAT IT MAY EXERCISE PERSONAL JURISDICTION OVER CIKANEK, THIS COURT SHOULD TRANSFER THE PRESENT ACTION TO THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought."[6] When a court rules on a motion to transfer venue, it must make determinations of convenience and justice by weighing several factors. *Albert Fadem Trust v. Duke Energy Corp.,* 414 F. Supp.2d 341, 343 (S.D.N.Y. 2002). This Court has held that a transfer of venue is appropriate when the balance of factors weighs "heavily in favor of transfer..." *J.V.B. Industries, Inc. v. Federated Dept. Stores, Inc.* 684 F.Supp. 22, 24 (S.D.N.Y. 1988). This Court should transfer the present action to the U.S. District Court for the Northern District of Illinois because the balance of factors heavily favors adjudication there.

As shown below, Joseph Stevens & Company is far better positioned economically to litigate in a distant forum than is Cicanek. Joseph Stevens & Company is an NASD registered broker-dealer firm while Cicanek is a retired janitor of limited financial means who lives in Chicago. In addition, the entire basis for the present action is Plaintiff's allegation that an arbitration panel "ignored Illinois law." (Petitioner's App. ¶ 22.) An Illinois federal court is better equipped to adjudicate an action premised on an allegation that Illinois law was ignored.

    A. **Joseph Stevens & Company is far better positioned economically to litigate in a distant forum than is Cikanek.**

The Second Circuit has held that the "relative means of the parties" is a factor that district judges should consider when ruling on motions to transfer venue. *D.H. Blair & Co., Inc*

---

[6] Venue is proper in the U.S. District Court for the Northern District of Illinois under 28 U.S.C. § 1391(a) because Respondent is a resident of Chicago, Illinois. (Cikanek Decl. ¶ 2.)

*v. Gottdiener,* 462 F.3d at 107.  Cikanek

is a 66-year-old retired janitor who lives in Chicago and who has been diagnosed with cancer and is in ill health. (Cikanek Decl. ¶¶ 1, 14.)  Joseph Stevens & Company, in contrast, is an NASD registered broker-dealer firm.

The present action will be significantly less expensive for Cikanek if it is adjudicated in the U.S. District Court for the Northern District of Illinois. Cikanek is responsible for the travel expenses of his attorneys who are located in Chicago. (Declaration of Renan Sugarman, ¶ 4.) Cikanek will suffer a financial hardship if his attorneys must travel to New York for hearings. Cikanek lost most of his net worth investing through Joseph Stevens & Company and its employees (Cikanek Decl. ¶ 15); therefore, this Court should therefore pay particular attention to the relative means of the parties. Since adjudication of this dispute in New York would be financially burdensome for Cikanek, this Court should transfer venue to the U.S. District Court for the Northern District of Illinois.

**Illinois would Transfer of venue to the U.S. District Court for the Northern District of Illinois would advance the interests of justice because application of Illinois law is central to this action.**

As the Supreme Court has noted, the interests of justice are advanced in diversity cases when the adjudicating court is "at home with the state law that must govern the case." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947). *See also Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 (1981). Joseph Stevens & Company alleges that the arbitration panel "ignored the Illinois law presented by [it]." (Petitioner's App. ¶ 22.) This allegation is central to the present action. A district court in Illinois is best equipped to determine whether an arbitration panel in fact "ignored Illinois law." Transfer of venue to the U.S. District Court for the Northern District of Illinois would therefore advance the interests of justice.

10

## CONCLUSION

For the foregoing reasons, Cikanek respectfully requests that this Court dismiss the Petition on the ground that this Court lacks personal jurisdiction over him. Alternatively, Cikanek requests that this Court transfer this matter to the United States District Court for the Northern District of Illinois, pursuant to *28 U.S.C. §1404*.


/s/   Leslie A. Blau
Leslie A. Blau, Esq.
BLAU & BONAVICH
140 South Dearborn, Suite 1610
Chicago, IL   60603-5202
(312) 443-1600   fax-1665

Renan Sugarman, Esq.
(pending admission *pro hac vice*)
30 North LaSalle, Suite 1530
Chicago, IL   60602
(312) 578-9411   fax-9431


Of counsel
    David G. Duggan
    Paul D. Malmfeldt
    Ari R. Madoff


Dated:   June 14, 2007