UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
JOSEPH STEVENS & COMPANY, INC.,

                       Petitioner,

-against-                                              No. 07 CV 3385

DAVID CIKANEK,                                Honorable Barbara Jones

                       Respondent.
------------------------------------------------------------------ X

## **DECLARATION OF DAVID M. CIKANEK IN SUPPORT OF MOTION TO DISMISS**

I, DAVID M. CIKANEK, declare under penalty of perjury that the following is true and correct:

1.     I am a 66-year old retired janitor born and raised in Chicago, Illinois and have resided in Chicago all of my life.

2.     I am the Respondent in this case.

3.     I have never physically been present in the State of New York for any reason.

4.     I do not own, use or possess any real property situated within the State of New York.

5.     I have not committed a tortious act without the State of New York that caused injury to a person or property within the State of New York.

6.     I have never negotiated a contract with any entity or person domiciled in New York.

7.     The brokerage accounts at issue in the Arbitration were initially opened at Silver Capital and transferred to Petitioner as the result of unsolicited telephone calls ("cold calls") made to my residence in Chicago by employees of Petitioner.

8.     To the extent any of the trades in the accounts maintained at Petitioner were ever executed with my prior knowledge, they were solicited through telephone calls initiated by Petitioner's employees to my residence in Chicago.

9.     Any documentation I signed relating to the accounts maintained at Petitioner was sent to me by Petitioner and executed by me in Chicago.  I never negotiated any changes to any contract

that Petitioner sent to me.  The documents were returned via pre-paid overnight envelopes provided to me by Petitioner.

10. Although requested a number of times by the Arbitration panel, Petitioner was never able to furnish a copy of any new account agreement I signed with Petitioner.

11. Although I testified at the arbitration that I recalled signing a new account agreement with Petitioner, the account agreement was never shown to me or admitted into evidence.

12. I have no knowledge of the specific terms of the new account Agreement I signed and in particular have no knowledge that it "contained an arbitration clause which states in relevant part that 'all controversies which may arise between the parties to the agreement concerning any transaction or the construction, performance, or breach of this or any other agreement between us pertaining to securities . . . shall be determined by arbitration,'" as alleged in Petitioner's application.

13. I have no knowledge that the new account agreement "provided that judgment may be entered in any court, state or federal, having jurisdiction upon an award made pursuant to the arbitration clause of the new account agreement," as alleged in Petitioner's Application.

14. I suffer from cancer, am in general bad health and have recently been hospitalized.

15. I lost most of my net worth due to the conduct of employees of Petitioner.

16. Travel to New York would pose a substantial hardship for me because of my financial situation and because of my health.

17. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury the foregoing is true and correct.

Executed this 14th day of June, 2007

                                                                  /s/David M. Ciaknek
                                                                  DAVID M. CIKANEK