UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                        :
JOSEPH STEVENS & COMPANY, INC.,                         :
                                                        :    07 CV 3385 (BSJ)
                       Plaintiff,                       :
                                                        :
     -against-                                          :
                                                        :
DAVID CIKANEK,                                          :
                                                        :
                       Defendant.                       :
                                                        :
--------------------------------------------------------X

**DECLARATION OF ALISON B. COHEN IN FURTHER SUPPORT OF MOTION TO VACATE ARBITRATION AWARD AND IN OPPOSITION TO RESPONDENT'S CROSS-MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**
**EXHIBIT C**

## JOSEPH STEVENS & COMPANY, INC. — New Account Application

| | |
|---|---|
| ☐ Cash ☐ Margin ☐ Option | Office / No / RR# / Tax I.D. # or Soc. Sec. # / Jt. Soc. Sec. # |

| Div/Int Instructions | Buy Instructions | Sell Instructions | SWEEP |
|---|---|---|---|
| ☐ Chk ☐ Sim ☐ (1) Monthly ☐ (2) Hold ☐ (4) Weekly | ☐ (1) T&S ☐ (2) I&H (safekeeping) ☐ (3) Hold in Firm Name | ☐ (7) Hold Proceeds ☐ (6) Pay Proceeds | ☐ Yes ☐ No ☐ General ☐ Govt ☐ Muni |

**Enter the Legal Name and Mailing Address on the next 7 lines**
☐ This is the Home Address
☐ This is the Business Address (Must include Home Address)
**P.O. BOX MUST INCLUDE PHYSICAL ADDRESS**

### MAILING ADDRESS
First Name / Middle Name / Last Name
First Name / Middle Name / Last Name (Joint Name or Custodian info)
Third Name / Trust / Institution etc.
Street Address
City (or City, Country, etc. for International accounts) / State/City / Zip Code

**LEGAL ADDRESS**  ☐ same as MAILING ADDRESS
Street Address
City (or City, Country, etc. for International accounts) / State/City / Zip Code
Home Tel. No. / Business Tel. No. / E-Mail Address / Date of Birth

**EMPLOYMENT**
Employee of JS ☐ Y ☐ N / Employee ☐ Y ☐ N / Related? ☐ Y ☐ N / Name of Employer and Relationship
Employer's Name / Est. Ann. Income
Employer's Address / Years Employed
Nature of Business / Occupation / ☐ RETIRED (indicate former occupation and employer)

1. Are you a U.S. Citizen ☐ Y ☐ N
2. Are you a Permanent U.S. Resident ☐ Y ☐ N
   (If no, indicate Country of Citizenship _____)
   Specify Visa type _____
3. Are you a Non-Resident Alien ☐ Y ☐ N
   Country of Citizenship _____
   *Must submit a copy of passport*

**SPOUSE**
Spouse's Name / Spouse's Occupation / Spouse's Date of Birth
Spouse's Employer / Address of Spouse's Employer

**REFERENCES**
Bank Name and address / ☐ Checking ☐ Savings ☐ Check Verified
DOES CLIENT HAVE ACCOUNTS WITH OTHER BROKERAGE FIRMS? ☐ Y ☐ N / IF YES, WHICH FIRMS? / If client or members of household have other accounts with us, give nos.

**GENERAL**
Marital Status: ☐ Married ☐ Single ☐ Divorced ☐ Widowed / No. of Dependents / ☐ Own Home ☐ Rent / Net Worth (less home) $ / Net Liquid Assets $

**TAX**
Federal Tax Bracket % / Annual Income $ / Other Tax Considerations

### INVESTMENT INFO
1. An Investment Objective is the financial objective an Investor uses to determine which investment is appropriate.
2. The following definitions are to help in the consideration of your investment objective and risk tolerance to help narrow the search for the right investment vehicle.

☐ **Income:** An investment approach in which an investor generally seeks current income over time.
☐ **Long-Term Growth:** An investment approach in which an investor generally seeks capital appreciation through buying and holding securities over an extended period of time.
☐ **Short-Term Growth:** An investment approach in which an investor generally seeks short term capital gains through buying and selling securities over a short period of time.
☐ **Speculation:** An investment approach in which an investor is willing to sustain losses on individual transactions in expectation that overall portfolio results will be substantial.
☐ **Appreciation with Risk:** An investment approach in which an investor accepts possible principal loss as a natural function of investment risk incurred in the pursuit of potentially higher returns.
☐ **Day-Trading:** An investment approach in which an investor effect both purchase and sale transactions in the same security or securities during the same day.

Initial Transaction: ☐ Purch Security ☐ Purch ☐ Other / Init Deposit $ / Inv Advisor / Inv Advisor Code

**DISCRETIONARY AUTHORIZATION** ☐ None ☐ Limited RR ☐ Limited 3rd Party / If granted, Agent's Name and Address

NUMBER YEARS PRIOR INVESTMENT EXPERIENCE
NUMBER YEARS PRIOR MARGIN EXPERIENCE

### CLIENT CERTIFICATIONS AND SIGNATURE

**AGREEMENT CERTIFICATION:** I certify by signing below that I have read and understand and agree with the provisions of the Cash Account Agreement appearing on the reverse side of the form which contains a PRE-DISPUTE ARBITRATION CLAUSE.

**ACCURACY/AGE CERTIFICATION:** I certify by signing below that the information about me contained on this form is true and accurate and I further certify that I am of legal age and that no one has an undisclosed interest in this account.

**ISSUER DISCLOSURE:** I understand that under SEC Rule 14(b)-1(c), you are required to disclose to an issuer upon request the name, address, and securities positions of clients who are beneficial owners of the issuer's securities held by you, unless the clients object. If I do not object, I understand that the issuer may use my name and other disclosed information for corporate communications only.
☐ I object to the disclosure of such information.

**W-9 CERTIFICATION:** Under Penalty of Perjury, I certify by signing below that (1) The Social Security number or Taxpayer Identification number appearing above is my correct number and (2) that I am not subject to back up withholding (client must cross out clause) (2), If client has been notified by the IRS that he or she is currently subject to back up withholding because of underreporting of interest or dividends). (3) I am a U.S. person (including a U.S. resident alien).

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

Client Signature _____ Date _____ Client Signature _____ Date _____

### ACCOUNT CATEGORY
*Check one or more boxes as appropriate*

**MAJOR**
☐ (1) BANK
☐ (2) BROKER DEALER
☐ (3) INSURANCE CO
☐ (4) MUTUAL FUND
☐ (5) FOUNDATION
☐ (6) PENSION/PROFIT SHARING
☐ (7) EDUCATIONAL INSTITUTION
☐ (8) NON PROFIT ORG/CHARITABLE/REL GRPS
☐ (14) EMPLOYEE/AFFILIATED
☐ (21) DELETION REQUEST

**INTERMEDIATE**
☐ (1) INDIVIDUAL
☐ (2) CUSTODIAN/U.G.T.M.A
☐ (3) JOINT ACCT. (W/ROS)
☐ (4) JOINT TENANTS IN COMMON
☐ (5) COMMUNITY PROPERTY
☐ (6) CORPORATION (FOREIGN ENTITY MUST SUBMIT ARTICLES OF INC.)
☐ (7) PARTNERSHIP
☐ (8) TRUST
☐ (9) IRA/SEP
☐ (10) KEOGH/MNY PUR PL
☐ (11) ESTATE
☐ (12) U/W/O WILL
☐ (13) CONSERVATOR
☐ (14) SOLE PROP
☐ (15) GUARDIAN
☐ (16) INVESTMENT CLUB
☐ (18) DELETION REQUEST

**MINOR**
☐ (3) INTERNALLY MANAGED ACCT
☐ (4) INVESTMENT SVCS NON-FEE PAYING
☐ (5) INVESTMENT SVCS FEE PAYING
☐ (16) RR OR PARTNER INTEREST
☐ (17) OTHER
☐ (18) DELETION REQUEST

Is client now or has client ever been a corporate officer or does client now own 10% of any corporation's stock?
☐ Y ☐ N
If Yes, what corporation? _____

Is client or spouse employed or a director or agent of another broker dealer or financial institution?
☐ Y ☐ N ☐ Spouse
If Yes, Name: _____

Is RR registered in the state of the client's residence?
☐ Y ☐ N

### INTERESTED PARTY INSTRUCTIONS
☐ CONFIRMS ☐ STMTS
_____

☐ CONFIRMS ☐ STMTS
_____

HOW LONG HAS RR KNOWN CLIENT?
SOURCE OF ACCOUNT?
SOURCE OF CLIENT'S INVESTMENT FUNDS?

RR SIGNATURE _____ DATE _____
GSP SIGNATURE _____ DATE _____
CCO SIGNATURE _____ DATE _____

# CASH ACCOUNT AGREEMENT

The undersigned wishes to open a cash account with you for the purpose of purchasing and selling securities.

The undersigned represents:

(a) that, if an individual, he or she (and if more than one, each of them) is of full age;

(b) that no one except the undersigned has or have an interest in this account unless the interest is revealed in the title of the account and in any such case the undersigned has the interest indicated in such title.

(c) that the undersigned will pay promptly and in full for any security purchased and promptly deliver any security sold for this account;

(d) that the undersigned will have on hand funds and securities required to complete any transaction effected for this account at the time any such transaction is offered; and

(e) that at no time will the undersigned place with you an order for the purchase of a security the sale of which prior to full payment therefor is contemplated at the time such order is placed.

The undersigned understands that differing investment objectives, tax and other factors affect the desirability and timing of particular transactions, and that, accordingly, customers of your firm, as well as the firm, its affiliates and their officers, employees, and members of their families, may hold and have transactions in securities with respect to which transactions may be effected for the account of the undersigned. The undersigned consents to such transactions if not in violation of applicable law, provided that the transactions for such other accounts as well as for the account of the undersigned are at all times effected in good faith. Where an order for the purchase or sale of particular securities is entered for the account of the undersigned and one or more of your other customers, the undersigned consents to your effecting such transactions on a proportional basis, if feasible, or on a rotating or other equitable basis.

Whenever the undersigned does not, on or before the settlement date, pay in full for any security purchased for the account of the undersigned, or deliver any security sold for such account, you are authorized (subject to the provisions of any applicable statute, rule, or regulation), until payment or delivery is made in full:

(a) to pledge, repledge, hypothecate or rehypothecate, without notice, any or all securities which you may hold for the undersigned (either individually or jointly with others), separately or in common with other securities or any other property, for the sum then due or for a greater or lesser sum and without returning in your possession and control for delivery a like amount of similar securities, and/or

(b) to sell any or all securities which you may hold for the undersigned (either individually or jointly with others), or to buy in any or all securities required to make delivery for the account of the undersigned or to cancel any or all outstanding orders or commitments for the account of the undersigned, and/or

(c) to apply to an appropriate committee of any national securities exchange or association for an extension of the time within which payment or delivery is due or for authorization to transfer the transaction to another account of the undersigned with you.

(d) Where a customer maintains a CASH account, interest may be charged (1) on purchases for which payment is not received until after the settlement of the transaction, and (2) on monies paid out by us, representing the proceeds of sales, prior to the settlement date. In such instances your monthly interest statement of account will show the rate of interest charged, determined as set forth above, and the period covered.

You are authorized, in your discretion, should the undersigned die or should you for any reason whatever deem it necessary for your protection, without notice, to cancel any outstanding orders in order to close out the accounts of the undersigned, in whole or in part, or to close out any commitments made on behalf of the undersigned.

Any sale, purchase or cancellation authorized hereby may be made according to your judgement and in your discretion on the exchange or other market where such business is then usually transacted, or at public auction, or at private sale without advertising the same and without any notice, prior tender, demand or call; and you may purchase the whole or any part of such securities free from any right of redemption and the undersigned shall remain liable for any deficiency.

Reports of the execution of orders and statements of the account of the undersigned shall be conclusive if written objection has not been received by you, the former within two days and the latter within ten days, after such reports or statements have been forwarded by you to the undersigned by mail or otherwise.

Communications may be sent to the undersigned at the address given above or at such other address as the undersigned may hereafter give you in writing. All communications so sent shall be deemed given to the undersigned personally, whether actually received or not.

This agreement and its enforcement shall be governed by the laws of the State of New York and its provisions shall be continuous. This agreement shall inure to the benefit of your present organization, and any successor organization or assigns, and shall be binding upon the undersigned, and/or the estate, executors, administrators and assigns of the undersigned.

**PREDISPUTE ARBITRATION CLAUSE:**
THIS AGREEMENT CONTAINS A PREDISPUTE ARBITRATION CLAUSE. BY SIGNING AN ARBITRATION AGREEMENT THE PARTIES AGREE AS FOLLOWS:

- ALL PARTIES TO THIS AGREEMENT ARE GIVING UP THE RIGHT TO SUE EACH OTHER IN COURT, INCLUDING THE RIGHT TO A TRIAL BY JURY, EXCEPT AS PROVIDED BY THE RULES OF THE ARBITRATION FORUM IN WHICH A CLAIM IS FILED.

- ARBITRATION AWARDS ARE GENERALLY FINAL AND BINDING; A PARTY'S ABILITY TO HAVE A COURT REVERSE OR MODIFY AN ARBITRATION AWARD IS VERY LIMITED.

- THE ABILITY OF THE PARTIES TO OBTAIN DOCUMENTS, WITNESS STATEMENTS, AND OTHER DISCOVERY IS GENERALLY MORE LIMITED IN ARBITRATION THAN IN COURT PROCEEDINGS.

- THE ARBITRATORS DO NOT HAVE TO EXPLAIN THE REASON(S) FOR THEIR AWARD.

- THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.

- THE RULES OF SOME ARBITRATION FORUMS MAY IMPOSE TIME LIMITS FOR BRINGING A CLAIM IN ARBITRATION. IN SOME CASES, A CLAIM THAT IS INELIGIBLE FOR ARBITRATION MAY BE BROUGHT IN COURT.

- THE RULES OF THE ARBITRATION FORUM IN WHICH THE CLAIM IS FILED, AND ANY AMENDMENTS THERETO, SHALL BE INCORPORATED INTO THIS AGREEMENT.

**ARBITRATION**

THE UNDERSIGNED AGREES, AND BY CARRYING AN ACCOUNT FOR THE UNDERSIGNED YOU AGREE, THAT ALL CONTROVERSIES WHICH MAY ARISE BETWEEN US CONCERNING ANY TRANSACTION OR THE CONSTRUCTION, PERFORMANCE, OR BREACH OF THIS OR ANY OTHER AGREEMENT BETWEEN US PERTAINING TO SECURITIES AND OTHER PROPERTY, WHETHER ENTERED INTO PRIOR, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION. ANY ARBITRATION UNDER THIS AGREEMENT SHALL BE CONDUCTED PURSUANT TO THE FEDERAL ARBITRATION ACT AND THE LAWS OF THE STATE OF NEW YORK BEFORE THE NEW YORK STOCK EXCHANGE, INC. OR AN ARBITRATION FACILITY PROVIDED BY ANY OTHER EXCHANGE OF WHICH YOU ARE A MEMBER, OR THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. OR THE MUNICIPAL SECURITIES RULEMAKING BOARD AND IN ACCORDANCE WITH THE RULES OBTAINING OF THE SELECTED ORGANIZATION. THE UNDERSIGNED MAY ELECT IN THE FIRST INSTANCE WHETHER ARBITRATION SHALL BE BY AN EXCHANGE OR SELF-REGULATORY ORGANIZATION OF WHICH YOU ARE A MEMBER, BUT IF THE UNDERSIGNED FAILS TO MAKE SUCH ELECTION, BY REGISTERED LETTER OR TELEGRAM ADDRESSED TO YOU AT YOUR MAIN OFFICE, BEFORE THE EXPIRATION OF TEN DAYS AFTER RECEIPT OF A WRITTEN REQUEST FROM YOU TO MAKE SUCH ELECTION, THEN YOU MAY MAKE SUCH ELECTION. THE AWARD OF THE ARBITRATORS, OR OF THE MAJORITY OF THEM, SHALL BE FINAL, AND JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT, STATE OR FEDERAL, HAVING JURISDICTION.

NO PERSON SHALL BRING A PUTATIVE OR CERTIFIED CLASS ACTION TO ARBITRATION, NOR SEEK TO ENFORCE ANY PRE-DISPUTE ARBITRATION AGREEMENT AGAINST ANY PERSON WHO HAS INITIATED IN COURT A PUTATIVE CLASS ACTION; OR WHO IS A MEMBER OF A PUTATIVE CLASS WHO HAS NOT OPTED OUT OF THE CLASS WITH RESPECT TO ANY CLAIMS ENCOMPASSED BY THE PUTATIVE CLASS ACTION UNTIL: (i) THE CLASS CERTIFICATION IS DENIED; OR (ii) THE CLASS IS DECERTIFIED; OR (iii) THE CUSTOMER IS EXCLUDED FROM THE CLASS BY THE COURT. SUCH FORBEARANCE TO ENFORCE AN AGREEMENT TO ARBITRATE SHALL NOT CONSTITUTE A WAIVER OF ANY RIGHTS UNDER THIS AGREEMENT EXCEPT TO THE EXTENT STATED HEREIN.

If you carry an account for the undersigned as clearing broker by arrangement with the undersigned's broker, then, unless you receive a written notice to the contrary from the undersigned, you shall accept from such other broker or their any inquiry or investigation, (i) orders for the purchase or sale of securities and other property for the account of the undersigned, on margin or otherwise, and (ii) any other instructions concerning the account of the undersigned. The undersigned understands and agrees that you shall have no responsibility or liability to the undersigned for any acts or omissions of such other broker, its officers, employees or agents. The undersigned's broker has authorized you to enter into this agreement with the undersigned on its behalf, and the terms and conditions hereof, including the predispute arbitration provision, shall be applicable to all matters between the undersigned, the undersigned's broker and you.

## FEES AND OTHER CHARGES:

1. $75.00 ANNUAL ADMINISTRATIVE FEE.
2. $100.00 OUTGOING TRANSFER FEE
3. $50.00 TRANSFER & SHIP OF SECURITIES - PER SECURITY
4. $50.00 FED FUND TRANSFER
5. $100.00 LEGAL TRANSFERS
6. $35.00 SERVICE AND HANDLING FEE
7. $50.00 RETURNED CHECKS DUE TO INSUFFICIENT FUNDS OR STOP PAYMENT

JOSEPH STEVENS & CO., INC. HAS THE RIGHT TO ASSESS ADDITIONAL OR AMEND CURRENT FEES FOR SERVICES RENDERED. THERE WILL BE A 30-DAY NOTIFICATION PRIOR TO IMPLEMENTATION.