IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

JOSEPH STEVENS & COMPANY, INC.,

        Petitioner,

    vs.                                         Case No. 07 CV 3385

DAVID CIKANEK,                         HON. BARBARA JONES

        Respondent.

------------------------------------------------------------- X

## REPLY DECLARATION OF LESLIE A. BLAU
## IN FURTHER SUPPORT OF MOTION TO DISMISS OR TRANSFER

I, LESLIE A. BLAU, declare under penalty of perjury that the following is true and correct:

1.     I am an attorney admitted to practice before the courts of the states of New York and Illinois and the bar of this Court. I represent David Cikanek in this matter. As part of my representation, he is required to pay any resulting expenses including airfare, hotel and other travel expenses.

2.     I submit this reply declaration in further support of David Cikanek's Motion to Dismiss for lack of jurisdiction or alternatively to transfer the proceeding to the United States District Court for the Northern District of Illinois.

3.     This is a petition by Joseph Stevens & Company, Inc. ("Stevens") to vacate an arbitration award in <u>David Cikanek v. Joseph Stevens & Co., Inc., Kevin Brody, Leonard Inserra and Ross Inserra</u>, NASD Case No. 06-01868 (the "Arbitration").

4.     On June 8, 2007, Renan Sugarman and I called Alison Cohen, representing the Petitioner in this action, and asked her for an extension "to answer or otherwise move." I sent an e-mail to

her the same day, also specifically asking for an extension "to answer or otherwise move." A copy of that e-mail appears as Exhibit A to this declaration.

5.      On June 20, 2007, I called Elisa Dreier Reporting Corp. about the transcript of the first two days of the Arbitration (March 19 and 20, 2007) and spoke to a man named Joseph. He told me that Stevens' law firm, Nixon Peabody LLC, had already ordered and received a copy of the entire transcript of those first two days.

6.      I spoke to one of the attorneys for Stevens, who told me that if I wanted a copy of the transcript, I would have to pay for my own copy. I offered to split the cost with Stevens' counsel, but they refused.

7.      That same day, June 20, 2007, I faxed a letter to one of Stevens' attorneys, stating that I believed they had a duty to supply the transcript, and an entire copy of the arbitration record, to this Court. I also reminded Alison Cohen, one of Stevens' counsel, that I had offered to split the cost with her law firm, and I reminded her that they had refused my offer. A copy of my letter appears as Exhibit B to this declaration.

8.      Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury the foregoing is true and correct.

Executed this 9th day of July, 2007
Chicago, Illinois


                                            _____
                                                   Leslie A. Blau