# BLAU & BONAVICH
ATTORNEYS AT LAW
140 SOUTH DEARBORN STREET – SUITE 1610
CHICAGO, IL 60603-5202

PHONE: (312) 443-1600
FAX: (312) 443-1665

Leslie A. Blau
Peter R. Bonavich

June 20, 2007

   Of counsel
David G. Duggan
Frank J. Kokoszka
James R. Latta
John Janczur

**VIA FAX to (866) 407-1514**

Alison Cohen, Esq.
Nixon Peabody LLP
437 Madison Avenue
New York, NY  10022

     Re:    <u>Joseph Stevens & Co., Inc., v. David Cikanek, Case #07 CV 3385</u>

Dear Alison:

     I am following up on our conversation of last week and yesterday, and my voice mails of this evening at 6:05 p.m. and 7:35 p.m. my time.

     I called Elisa Dreier Reporting Corp. about the transcript of the first two days of the arbitration (March 19 and 20, 2007) and spoke to a man named Joseph.  He told me that your firm had already ordered and received a copy of the entire transcript of those first two days.  Additionally, Renan Sugarman believes that your firm most certainly transcribed the rest of the hearing (the last two days), because you have attached excerpts of that to your application.  So he believes that you have those, too.

     Alison, I do not think I should have to re-order these transcripts.  I offered to split the cost with you and you refused.  I made that offer even though I believe that it is Nixon Peabody's sole responsibility to supply Judge Jones with a complete record of the hearing--including all exhibits--not just the selected portions you deem helpful to the application to vacate filed by Joseph Stevens & Company.  There is no legitimate basis for your law firm's refusal to provide the judge with records that you admit you have.  That refusal forces Mr. Cicanek – who is the Respondent in this vacatur proceeding – to spend money to obtain records that you have in

# BLAU & BONAVICH
ATTORNEYS AT LAW
140 SOUTH DEARBORN STREET – SUITE 1610
CHICAGO, IL  60603-5202

PHONE:  (312) 443-1600
FAX:  (312) 443-1665

Leslie A. Blau
Peter R. Bonavich

July 10, 2007

Of counsel
David G. Duggan
Frank J. Kokoszka
James R. Latta
John Janczur

Alison Cohen, Esq.
Nixon Peabody LLP
New York, NY
June 20, 2007
page two

your possession and should have filed.   It also makes no sense, since you are only increasing court reporter costs that Mr. Cikanek will ultimately seek to recover if he prevails.

   Accordingly, I respectfully demand that you immediately file with the court a copy of the complete transcript of the entire hearing, along with all exhibits.  To the extent you have any trouble gathering all of the exhibits, although Renan tells me that you and Marty Russo made sure to compile a complete set just before you left the hearing room at the end of the arbitration, he will work with you to assemble a complete set of all exhibits.  Should you decide not to do so, it is Mr. Cikanek's intention to raise this matter with the court.   Please let me have your response to this demand by next Monday at 6:00 p.m.

   I would love to avoid motion practice on this.  I look forward to hearing from you. Thank you.

Sincerely,

Leslie A. Blau

cc. (by fax):   Renan Sugarman, Esq.