USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/26/2007

# NIXON PEABODY
ATTORNEYS AT LAW

437 Madison Avenue
New York, New York 10022-7001
(212) 940-3000
Fax (212) 940-3111
Direct Dial (212) 940-3749
Direct Fax (866) 407-1415
E-Mail abcohen@nixonpeabody.com

July 17, 2007

**BY FACSIMILE**

Hon. Barbara S. Jones
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St, Room 620
New York, NY 10007
Fax: 212-805-6191

      RE:    **Joseph Stevens & Co., Inc. v. David Cikanek, 07-cv-3385.**

Dear Judge Jones:

    We represent Joseph Stevens & Co., Inc. ("Joseph Stevens") in the above-referenced matter, and write to request leave to submit papers replying to the entirely new argument raised in Respondent's sur-reply memorandum dated July 10, 2007. Those papers asserted for the first time that Petitioner had an obligation to submit the entire arbitration record to the Court on its motion to vacate.

    We disagree with that argument for two principal reasons and would like an opportunity to brief them for the Court. First, the case at hand does not require a full record because it is not an evidentiary challenge; rather, we assert that even if you credited all the evidence with respect to the IRA account, the Panel – in manifest disregard of the law – had to have considered evidence of trading in the other account (which did not file a claim) because the amount of the compensatory damages far exceeded the actual loss claimed.

    Second, the rule of law suggested by the Respondent would unduly burden the Court by requiring it to receive and review large amounts of documents which are largely irrelevant. Put simply, it is a waste of judicial resources. In this case, the record is comprised of approximately five thousand pages, and the majority of the evidence relates to the Living Trust account (which is not at issue). It is much more efficient for the Court, recognizing the burdens, to rely upon Respondent's counsel to point out evidence in the record that supports a denial of the motion. In the interest of efficiency, Joseph Stevens' submitted the relevant portions of the record and the exhibits accepted into evidence at the hearing which relate to the issues raised on the motion to vacate. All of these documents are already in the Respondent's possession or available to him.

10654451 1

Nevertheless, if the Court wants the entire record of the proceeding, Joseph Stevens will produce the record immediately in whatever form the Court dictates. We believe that such documents likely are too cumbersome to file electronically, but we will attempt to do so if it pleases the Court.

Finally, if the Court is not inclined to permit Joseph Stevens to respond to the new argument, we respectfully request that it strike that portion of the sur-reply which addresses the new issue and was unauthorized. *See Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief.").

Thank you in advance for your consideration.

Respectfully submitted,

Alison B. Cohen

Application GRANTED.
Joseph Stevens may submit a sur-reply.

SO ORDERED _____
Dated:                    JONES
                          U.S.M.J.

7/20/07

cc: Leslie A. Blau, Esq.
    Blau & Bonavich
    140 South Dearborn Street
    Suite 1610
    Chicago, IL 60603-5202
    Fax: 312-443-1665

NIXON PEABODY LLP