UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
JOSEPH STEVENS & COMPANY, INC.

                        Petitioner,

                                                                07 CV 3385
                                                               (BSJ)

     -against-

DAVID CIKANEK,

                        Respondent.
------------------------------------------------------------------ X


**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION TO
VACATE THE ARBITRATION AWARD AND SUR-REPLY TO
DAVID CIKANEK'S REPLY MEMORANDUM IN SUPPORT OF
HIS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**


                                                           NIXON PEABODY LLP
                                                           Attorneys for Petitioner
                                                            Joseph Stevens & Company, Inc.
                                                            437 Madison Avenue
                                                           New York, New York 10022
                                                            (212) 940-3000


Martin P. Russo
Alison B. Cohen
Tamar Y. Duvdevani

10670816.1

## **PRELIMINARY STATEMENT**

David Cikanek's new argument that Joseph Stevens & Co., Inc. ("Joseph Stevens") was required to provide this Court with the entire voluminous and cumbersome record of the five day arbitration hearing is without merit. The law is clear that a moving party on a motion to vacate an arbitration award need only provide a record sufficiently complete to enable the Court to make an informed decision. Unable to adequately address the merits of Joseph Steven's motion, Cikanek makes this meritless procedural argument in an attempt to avoid justice. As is set forth more fully below, Joseph Stevens previously has provided the Court with all of the evidence necessary for it to make an informed decision on this motion. In fact, Joseph Stevens' submission was so "sufficiently complete" that Cikanek could not point to one relevant piece of evidence that has been omitted. As a consequence, the Court should reject Cikanek's latest attempt to avoid the merits, consider the arguments made respecting manifest disregard of the law and grant Joseph Stevens' motion in its entirety.

## **FACTS**

The Court is referred to Joseph Steven's moving brief for a full exposition of the facts, the law set forth therein, and the relevant portions of the record produced. For the Court's convenience, however, the following is a brief summary of the facts:

The claims filed by Cikanek against Joseph Stevens were styled in his individual capacity. Cikanek had only one account at Joseph Stevens as an individual. The trading in that account over five years involved less than $2,000 and resulted in a loss of approximately $1,200. There were two trades. One sell. One buy. And commissions of $325. Nothing more. Yet, the Panel awarded $47,500 in compensatory damages and $166,250 in punitive damages. The only

explanation for those numbers is that the Panel must have relied on evidence relating to a different account controlled by Cikanek. That, in fact, is exactly what happened. The Panel considered evidence of a trust account, which was not a-party to the arbitration, and awarded damages to Cikanek. Despite objections from Joseph Stevens and a full explanation of the law on two occasions, the arbitrators (two of which are practicing attorneys) chose to disregard the law, improperly consider evidence, and make an irrational award.

## ARGUMENT

### The Portions of the Record Joseph Stevens Submitted in Support of its Motion to Vacate the Arbitration Award is "Sufficiently Complete"

Cikanek's argument that Joseph Stevens' motion to vacate the arbitration award fails on procedural grounds because Joseph Stevens did not submit the entire record of the arbitration hearing to the Court is without merit. No such mandate exists in either the federal and local rules, the NASD arbitration rules, the Federal Arbitration Act or the applicable case law. Joseph Stevens properly submitted the portions of the record of the arbitration proceedings that are sufficiently complete to support the basis for its motion. A party moving to vacate an arbitration award only need produce a record of the arbitration proceedings that is "'sufficiently complete' for the court to make an informed judgment." *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 162 F. Supp. 2d 278, 283 n. 3 (S.D.N.Y. 2001), *rev'd on other grounds*, 304 F.3d 200 (2d Cir. 2002) (citing to *Green v. Progressive Asset Mgmt., Inc.*, 00 Civ. 2539, 2000 U.S. Dist. LEXIS 12428, at *3 (S.D.N.Y. Aug. 29, 2000)). This is especially true where the arbitral forum – like the one in this case -- has no rule that requires the moving party to provide a court with the full record of the arbitration proceeding when moving to vacate an award. *See e.g., Roe v. Cargill, Inc.*, 333 F. Supp. 2d 808, 813 (W.D. Ark. 2004) (the moving party was not precluded from

vacatur of an American Arbitration Association ("AAA") award where it did not produce a full record of the arbitration proceedings to the court because the AAA rules did not require filing of the entire record.)

The court in *Westerbeke Corp.* explained that the party moving to vacate an arbitration award is not required to produce the entire record of the arbitration proceedings; rather, <u>it is required to produce a record sufficient to support its motion so that the court has a basis for determination of the issues</u>. 162 F. Supp. 2d at 283 n. 3. Denial of a motion to vacate an arbitration award based solely on a party's failure to produce the entire record of the arbitration proceedings is improper where the moving party has submitted a sufficiently complete record. *Id.*

Here, consideration of Joseph Stevens' assertion of manifest disregard of the law does not require and evaluation of all of the evidence introduced at the hearing. The basis for Joseph Stevens' claim is that the arbitration panel's decision was based on evidence of trading in an account of a Trust that was not a party to the arbitration and had not filed a claim. There is no dispute that at the hearing Cikanek introduced evidence (over Joseph Stevens' objection) with respect to two accounts – his individual IRA account and a separate account owned by the Trust. Because the trading and losses in Cikanek's individual account over five years were miniscule – to wit, two trades resulting in a loss of approximately $1,200 – the Court need only consider the evidence relating to that account to find that an award of $47,500 in compensatory damages and $166,250 in punitive damages must have been based on evidence of trading and losses (which need not be disputed) in the non-party Trust account.

Here, Joseph Stevens submitted to the Court account statements, a price chart and summaries which show the limited activity in Cikanek's individual account. (Declaration of

4

Martin P. Russo, dated April 27, 2007 "Russo Decl.", Exhibits B, C, D, E and F.) Joseph Stevens also submitted to the Court the formation document for the David M. Cikanek Living Trust and Cikanek's own summary chart showing trading in a separate trust account at Joseph Stevens. (Russo Decl., Exhibits G, H.) Having sufficiently established the undisputed trading activity in both the individual account and the Trust account which was considered by the arbitration panel, Joseph Stevens provided the Court with the parties' Uniform Submission Agreement which demonstrates that only Cikanek individually (not the Trust account) and Joseph Stevens had contractually agreed to submit the claims to the arbitration panel. (Russo Decl., Exhibits J, K.)

Joseph Stevens also produced those excerpts of the arbitration hearing which addressed the issue on this motion – to wit, the arbitrators manifest disregard of the law. The hearing excerpts (which include arguments from both sides) demonstrate that Joseph Stevens objected to the presentation of evidence related to the trust account because the Trust had not submitted a claim to arbitration and that the Panel allowed and considered the evidence nevertheless. (Russo Decl., A, N.) The excerpts further prove that the Panel was made aware of the black letter law holding that only a trustee may properly bring an action for damages on behalf of a trust, but chose to ignore it despite the fact that Cikanek's counsel admitted that a Uniform Submission Agreement had not been submitted on behalf of the trust account and that the Trust was not a party to the arbitration. (Russo Decl., Exhibit A, pp. 17-18, p. 21, lines 16 -22, pp. 24-25.)

All of the other documents submitted into evidence by both parties during the hearing are either wholly unrelated to Joseph Stevens' motion to vacate the arbitration award or duplicative (*e.g.*, the account statements that served as source documents for Cikanek's summary charts). Submission of the thousands of pages of irrelevant or duplicative testimony and documents

admitted into the arbitration record to the Court would waste judicial resources by shifting the burden of reviewing the entire record to the Court rather than requiring the attorneys to point to relevant portions. The imposition of such a burden is especially inefficient in this case because all of the pertinent record already has been identified for and provided to the Court.

If Cikanek believed that evidence was omitted, he easily could have identified any such document or testimony to the Court. Not only did Cikanek fail to produce any additional evidence from the record, he did not even attempt to show that the portion of the record Joseph Stevens produced is inadequate. Instead, he makes the blanket assertion that the entire record must be submitted to the Court on every motion to vacate and seeks to avoid the merits of this dispute based on a technicality which could be easily cured. Not only is Cikanek incorrect, but his tactics should not be countenanced even if his argument had merit.

Cikanek misrepresents the facts and holding of several cases in making his argument to the Court. First, Cikanek cites *Paper, Allied-Industrial, Chemical and Energy Workers Int'l Union, Local 1-9 AFL-CIO, CLC v. S.D. Warran Co.*, 382 F. Supp.2d 130, 132 (D. Maine 2005) for the proposition that a party must provide a record of an arbitration proceeding to the court.[1] Cikanek incorrectly argues that *Paper, Allied-Industrial* requires a moving party to submit the entire record to the court. The court did not so hold. In *Paper, Allied-Industrial*, the arbitration hearing at issue was not recorded or transcribed – there was no record of the hearing testimony at all. *Id.* at 132. The court stated that "not all objections to arbitration awards depend upon a verbatim transcript and for those they do, there are alternatives that allow a *sufficient record* in

---

[1] In fact, Cikanek provides a quote that states "and the failure to offer the entire record leaves the Court unable to exclude the possibility that the award is supported by evidence that the Petitioner has not supplied." The quote, though attributed by Cikanek to *Paper, Allied-Industrial, Chemical and Energy Workers Int'l Union, Local 1-9 AFL-CIO, CLC*, is actually a quote from *Lew Lieberbaum & Co., Inc. v. Randale*, 85 F. Supp. 2d 123, 126 (E.D.N.Y. 1995). *Paper, Allied-Industrial* quoted *Lew Lieberman* only for the proposition that the moving party has the obligation to submit a record – but not the entire record - in support of its motion. 382 F. Supp.2d at 139.

its absence. Documents that clarify the issues before the arbitrator, including pre-hearing filings, documentary evidence at the hearing, post-hearing memoranda, and similar documents . . . and similar means are all available." *Id.* at 140, n. 11. There is no rule that requires the submission of the entire record – only those portions that create a *sufficient record* must be produced, which can be comprised of hearing testimony and other documentary evidence. Here, Joseph Stevens did exactly what the court in *Paper, Allied-Industrial* suggested; it produced the relevant testimony from the hearing and the documents that were accepted into evidence by the arbitration panel that were meant to "clarify the issues before" the panel on the particular issue now presented to the Court in Joseph Stevens' motion to vacate.

Cikanek's reliance on *Lew Lieberman & Co., Inc. v. Randle*, 85 F. Supp. 2d 123 (E.D.N.Y. 2000) is equally unpersuasive. Cikanek mischaracterizes the court's decision in that case as rejecting a petition to vacate an arbitration award because the moving party filed a "self-serving excerpt of the record." In *Lew Lieberman & Co., Inc.*, the moving party did not produce *any* record of the arbitration proceedings to the court. *Id.* at 126. The moving party only produced its attorney's affidavit which contained a "self-serving summary" of the testimony offered at the hearing rather than providing any portions of the transcript of the tape recorded proceedings. *Id.* Indeed, Cikanek cannot honestly maintain that Joseph Stevens produced only a summary of the arbitration proceedings. Here, Joseph Stevens has produced (1) portions of the official transcript transcribed by a court reporter; (2) transcriptions of the official NASD tape recording relating to its claim for manifest disregard of the law; and (3) numerous documents accepted into the record by the arbitration panel that were offered by both parties. (Russo Decl. Exs. A – K, M, N.) Joseph Stevens' sufficiently complete production of the record in this case is

in sharp contrast with the moving party's production in *Lew Lieberman* and Cikanek's attempt to analogize the two is simply misguided and disingenuous.

Finally, *Commonwealth Associates v. Lestos*, 40 F. Supp. 2d 160 (S.D.N.Y. 1999) is distinguishable because the moving party's challenge in that case was based on their contention that the arbitrators rejected its defenses of waiver, estoppel, ratification, and alleged failure to mitigation damages. *Id.* at 173. Unlike the instant motion, such a challenge is evidentiary in nature, and Judge Kaplan determined that only a review of the complete record could allow the court to determine whether the arbitrators acted in manifest disregard of the law in that particular case. *Id.* at 175. Cikanek is overstating the decision by suggesting that a moving party is *required* to produce a complete record in *every* motion to vacate an NASD arbitration award. Moreover, he has not stated a basis for the Court's need for the complete record in the instant case. In sum, Joseph Stevens submits that it is unnecessary to provide an entire arbitration record when moving to vacate an arbitration award, and that the portions previously provided to the Court are sufficient to support its allegations. However, to put the issue to rest, Joseph Stevens is providing the complete arbitration record herewith. We leave it to the Court to determine whether to divert its limited judicial resources to review the same.

## CONCLUSION

Based on the foregoing, Petitioner Joseph Stevens respectfully requests that this Court vacate the arbitration award rendered in Matter of the Arbitration between David Cikanek and Joseph Stevens & Company, Inc., Kevin Brody, Leonard Joseph Inserra, and Ross Inserra, NASD Arbitration No. 06-1868.

                          Respectfully submitted,

Dated: August 6, 2007         NIXON PEABODY LLP
       New York, New York

By: _____
Martin P. Russo (MR-4134)
Alison B. Cohen (AC-7702)
Tamar Y. Duvdevani (TD-7603)
437 Madison Avenue
New York, New York 10022
Tel: (212) 940-3000
Fax: (212) 940-3111

Attorneys for Petitioner
Joseph Stevens & Company, Inc.